THE STEAMBOAT DELTA, Appellant, *v.* ISAAC WALKER *et al.,* Appellees.

APPEAL FROM PEORIA.

Justices of the peace and police magistrates in the county of Peoria have jurisdiction to hear and determine all complaints, suits and prosecutions mentioned in section seventeen, chapter forty-nine, of the Revised Statutes, in which the amount claimed to be due does not exceed three hundred dollars, and also to hear and determine all cases for all debts, penalties and demands, in which debt or assumpsit, trover or trespass to personal property, will lie, when the amount claimed does not exceed the sum of three hundred dollars.

Process of attachment by justices of the peace having jurisdiction, is allowed by the seventeenth section, chapter forty-nine, of the act of 1845.

Suits by attachment against steamboats, are authorized.

The Circuit Courts have discretionary power to allow or disallow a motion to dismiss an appeal, when such motion is made after full investigation of the case.

THIS was a suit, commenced by attachment, before a justice of the peace of Peoria county, for the sum of $158.46. Judgment for $24.29. Defendant's attorney entered motion before justice of the peace to dismiss suit, because the justice had not jurisdiction of the amount sued for, which motion was overruled, and judgment rendered as above.

Defendant prayed an appeal to the Circuit Court. And afterwards, the defendant asked the Circuit Court to dismiss the suit for want of jurisdiction of the court below, which motion was overruled by the court, and defendant excepted. And on the trial of said cause, plaintiffs called *Robert D. Mc Clure,* who testified, that he was book-keeper in plaintiffs' house during the time the bill of goods upon which suit was brought was purchased; that he believed the items of said account to be correct; that there was no specific contract between said plaintiffs and the agents of defendant, as to the terms upon which said goods were purchased by defendant; that it was usual with plaintiffs' house to allow accounts against steamboats to run a year, or to the first of January next succeeding the time when the goods were purchased; that he supposed this practice of the plaintiffs' house was known to the defendant, as there had been dealings between them upon the same terms previous to the time that the bill sued upon was

purchased; that plaintiffs were hardware merchants in the city of Peoria. Said witness, on his cross-examination, stated that he presented the account sued on, to defendant, in September or October, 1858, and demanded payment of the amount due thereon, but that no money was paid thereon at that time; that he had never heard any conversation between said plaintiffs and defendant as to the terms upon which said goods were purchased; that the practice of the plaintiffs in regard to the time upon which goods were sold by them was not uniform with them; that he thought defendant knew upon what terms the plaintiffs dealt, as there had been dealings between said parties before that time, upon the same terms; that he did not know of defendant having dealt with them but once previous to the time this bill was purchased, and the bill then purchased was bought in September or October, 1856 or 1857, and presented to defendant the succeeding January, and paid; that the bill sued on could not have been collected by suit before January 1st, 1859. This was all the evidence in the case; and defendant, by his attorney, then and there objected to all the testimony of said witness as proving a custom regulating the terms of doing business in plaintiffs' house, but the court overruled the objection, and defendant excepted. The court thereupon found the issues for the plaintiffs, and rendered judgment against the defendant for the sum of $158.46. Defendant then and there entered and filed his motion for a new trial, but the court overruled said motion, and defendant excepted. Defendant then and there, after the overruling of said motion for a new trial, and before the entry of judgment therein, proposed to dismiss his appeal herein, but the court refused to entertain said motion, or to dismiss said appeal, and defendant excepted. The court thereupon rendered judgment in favor of the plaintiffs, and defendant excepted.

The appellant assigns for error:

1. That the Circuit Court erred in refusing to dismiss this suit for want of jurisdiction in the justice of the peace.

2. That the Circuit Court erred in admitting insufficient and improper evidence of the existence of a custom regulating the terms of trade of plaintiffs' house, to change the legal effect of the contract between the parties to this suit.

3. That the Circuit Court erred in refusing to allow the defendant to dismiss his appeal.

4. That the Circuit Court erred in rendering judgment in favor of plaintiffs for $158.46, when said judgment should have been for only $143.11.

5. That the Circuit Court erred in rendering judgment for the plaintiffs, when by the law of the land judgment should have been rendered for defendant.

H. M. AND J. J. WEED, for Appellant.

MANNING & MERRIMAN, for Appellees.

BREESE, J. The first question presented by this record is, had the justice of the peace of Peoria county jurisdiction of this cause? This is answered in the affirmative, by reference to the several acts of assembly applicable to that subject.

By the act of Feb. 14, 1855, the several justices of the peace and police magistrates in the county of Peoria, have jurisdiction to hear and determine all complaints, suits and prosecutions mentioned and described in section seventeen of chapter forty-nine of the Revised Statutes, in which the amount claimed to be due does not exceed three hundred dollars—and by section two of the same act, they have jurisdiction to hear and determine all complaints, suits and proceedings, for all debts, penalties or demands, in which the action of debt or assumpsit, trover or trespass on personal property will lie, in which the amount claimed does not exceed three hundred dollars. (Scates' Comp. 673.)

Debt or assumpsit will lie for the amount claimed in this case, it being under three hundred dollars. Suits by attachment, against steamboats, are expressly authorized by chapter ten of the act of 1845. (Scates' Comp. 785.)

The act extending the jurisdiction of justices of the peace of Peoria county, should have such a reasonable construction as will advance the object designed by its passage.

The justice of the peace having jurisdiction, the process of attachment is but a mode for putting the jurisdiction in motion, and is allowed by the seventeenth section of the act of 1845, chap. 49. (Scates' Comp. 687.)

Upon the other point, that the court improperly admitted evidence of the custom of those traders to give credit on running accounts until the first of the next January succeeding, we do not perceive wherein such testimony could have injured the defendant. The suit was commenced against the boat in September, 1859, and if such a custom was established, and known to the customers of this house, the suit would have been dismissed, as having been prematurely brought. We do not look upon the evidence as showing any custom or usage, well-known and established, of this character.

We do not distinctly perceive the force of this point made by the defendant, or in what manner it could avail him, if sustained. He could not interpose the limitation provided in the sixth section of the act, as amended by the act of Feb., 1855, as he does not stand in the position of a creditor, or subsequent incum-

brancer, or *bona fide* purchaser. So that it was quite immaterial what was the custom or usage.

Upon the remaining point, that the court refused to allow the appellant to dismiss his appeal, we have this to say, that, as a general rule, a party can dismiss his appeal, but the motion must be made at a proper time. In this case, the parties had proceeded to trial before the court, and a full investigation was had, and the court had found its verdict. Subsequently, the defendant entered his motion for a new trial, which was overruled, at which stage the appellant moved to dismiss the appeal.

We think some discretionary power, in such a case, should vest in a court, to allow or disallow such a motion, at such a stage of the proceeding. Here, a full investigation of the merits of the case was had, by a tribunal of the appellant's choosing, and on the maxim that it is. for the interest of the State that an end should be put to litigation, we think the court properly refused to dismiss the appeal.

The justice and merits of the case are clearly with the plaintiffs, and the judgment is affirmed.

*Judgment affirmed.*