### Edward Clifford, Admr., v. J. N. Gridley, Admr.

1. RES ADJUDICATA—*when order is.* An order making distribution of a fund is *res adjudicata* when unappealed from as to the rights of all parties to the proceeding in which such order was entered.

2. GARNISHMENT—*when, essential to reach funds in hands of administrator.* Where an administrator has money in his possession belonging to an heir of the estate which he represents, against which heir a decree for alimony has been entered, such money cannot be reached by the wife in whose favor such decree was entered, except by garnishment.

3. PROPOSITIONS OF LAW—*when practice of submitting, does not apply.* It is only where the parties to a cause are entitled to trial by jury, and by agreement have submitted the same to the court for trial without a jury, that the presentation of propositions of law is proper.

4. JURY TRIAL—*when party not entitled to a.* In a contest in the Probate Court upon an administrator's account, a party is not entitled to a jury trial.

Contest upon account of administrator in Probate Court. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed. Opinion filed October 12, 1903.

Milton McClure, for appellant.

J. N. Gridley, *pro se.*

Mr. Justice Baume delivered the opinion of the court.

Joseph Pratt died, intestate, leaving Sarah Pratt, his widow, and Samuel J. Pratt, his son and only heir at law. Claims were allowed against his estate in excess of the ability of the personal property to pay, and one of three lots owned by him was sold to pay debts, the other two lots being occupied by his widow as her homestead. Sarah Pratt, widow of Joseph Pratt, died intestate May 8, 1899, leaving Samuel J. Pratt, her son and only heir at law, and appellant was appointed administrator of her estate. At the time of the death of said Sarah Pratt there was a balance due her on her specific award of $467. Shortly after the death of Sarah Pratt, one Lena Pratt, wife of Samuel J. Pratt, obtained a decree for separate maintenance against her husband wherein he was adjudged to pay her $25 in cash and $4 per month for her support, and the said Samuel J. Pratt was enjoined from selling or encumbering his real estate.

On April 18, 1901, in a proceeding by the administrator of the estate of Joseph Pratt, deceased, to sell the two remaining lots owned by him, to pay debts, including the amount remaining unpaid on the specific award of Sarah Pratt, and in which proceeding the said Lena Pratt as a creditor of Samuel J. Pratt, under her decree for separate maintenance, together with others, creditors of Joseph Pratt, were parties defendant, a decree was entered by the County Court directing a sale of said lots. It was provided in said decree that said sale should be made free and clear from all liens; that the proceeds of said sale should be brought into court, and that the several creditors having claims, should have the same claims against said proceeds as they had against the real estate, the validity and priority of such claims to be thereafter determined by the court. After said sale, the appellant filed his petition in the County Court asking that the administrator of the estate of Joseph

Pratt be required to pay to him the amount in his hands realized from such sale, to apply upon the unpaid widow's award; such order was entered by the County Court July 29, 1901, and in pursuance thereto he received the sum of $380. Appellant proceeded with the administration of the estate of Sarah Pratt and after payment of all debts against said estate and costs of administration, had a balance in his hands of $67.39, which he paid to one R. W. Mills, upon an assignment held by him from Samuel J. Pratt, the sole heir. Appellant's final report showing such balance due Samuel J. Pratt, was filed in and approved by the County Court, December 15, 1902. On December 17, 1902, Lena Griffin, formerly Lena Pratt, filed in the County Court a petition setting out the decree obtained by her against Samuel J. Pratt for separate maintenance and that the same remained unpaid, claiming a lien in the sum of $67.39 and praying that appellant be ordered to pay the same to her. In view of the fact that the final report of appellant had been approved and he discharged on the 15th day of December, 1902, no action appears to have been taken by the court on this petition, but petitioner was on December 17, 1902, granted an appeal to the Circuit Court, from the order approving the final report of appellant which was prosecuted by appellee as administrator of the estate of Lena Griffin, then deceased; that court heard the cause and entered an order disapproving the final report of appellant and directed him to recover from R. W. Mills, the sum of $67.39 which he had paid to him as assignee of Samuel J. Pratt, and after paying the costs of the appeal, to pay the balance to appellee. From that order, this appeal is taken. This statement has been made necessary to a comprehension of the questions involved here.

The order of the County Court, entered July 29, 1901, directing the administrator of the estate of Joseph Pratt to pay to appellant the balance in his hands, to apply on the award due Sarah Pratt, was an adjudication against Lena Pratt as to her rights, reserved in the decree for a sale of the real estate to pay debts. That order not being

appealed from is *res judicata.* Further, when the proceeds of that sale came into .the hands of appellant, it was no longer to be treated as real estate, but as personalty, and the decree in favor of appellee's intestate did not reach it and could not do so, except other steps were taken. Unless appellee's intestate intervened by some proper proceedings, as by garnishment, to entitle her to the balance due her husband as heir of his mother, the appellant could not do otherwise than pay such balance to him or to his assignee.

It is assigned for error that the court improperly refused propositions of law submitted by appellant. It is only where parties are entitled to a trial by jury, and by agreement submit the cause for trial by the court, that section 42 of the Practice Act applies. This was not a case in which the parties were entitled to a jury trial and the court did not err in refusing the propositions of law submitted. Martin v. Martin, 170 Ill. 18.

The judgment of the Circuit Court will be reversed.

*Reversed.*