### In Re Estate of George F. Pfeiffer et al., Minors, William C. H. Pfeiffer, Appellee, v. Rosina Pfeiffer, Appellant.

### Gen. No. 14,802.

1. ADMINISTRATION OF ESTATES—*effect of appeal from settlement of guardian's account.* Upon an appeal from a settlement of a guardian's account the whole matter is up for hearing *de novo* in the Circuit Court. Such court may approve the guardian's account as filed or can require the statement of a new account.

2. TRIAL—*when error to call jury.* Upon an appeal from an order of the court of probate settling a guardian's account, it is error to proceed by the intervention of a jury.

3. PRACTICE—*when motion to dismiss comes too late.* After a trial and verdict a motion to dismiss based upon acquiescence in the judgment appealed from comes too late, but after reversal and remandment such a motion may be made.

Objections to guardian's report. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed December 23, 1909.

**Statement by the Court.** By the terms of the will of one Chris Pfeiffer, appellant, his widow, was given during her lifetime while she remained unmarried all his estate, real and personal, the estate in case of her death or marriage to be divided in equal shares among his children and the descendants of any deceased child. Appellant was by the will appointed executrix, such

appointment to end in case of her remarriage. She was given full power by her last will and testament to make a reasonable provision out of the estate for any of the children disabled or unable to support themselves. She was also given full power to make reasonable advances to any of the daughters upon the marriage or to the "sons as they start in business," such advances not to lessen or endanger the distributive share of the other children. It is provided that "should any of my children be disrespectful or disobedient to their mother, my said wife, she shall have full power by her last will and testament to direct that the whole of the distributive share of my estate which would otherwise go to said child or such part of my estate as she may direct shall go equally to my other children." The will was probated February 20, 1902.

Appellant qualified as executrix and in May, 1902, having been appointed guardian of the three minor children, one of whom was the appellee, she filed a petition in the Probate Court of Cook county asking leave to sell certain real estate. Leave to sell the interest of the minors having been granted, two lots were sold, subject to appellant's life estate. The sale was confirmed and a deed given to the purchaser by appellant as guardian, for the minors' interest. There were six children then living and the share of the three minors in the purchase price was, it is said, $12,500.

The question now involved, according to appellant's attorneys, is what amount, if any, is due appellee from appellant as his guardian. December 24, 1907, the minors having come of age, appellant as guardian submitted a report, in which she credited herself with certain payments to appellee, several of which are disputed by the latter. It is argued that some of these payments were advances made by the appellant, not as guardian but under the authority of the will, and not therefore to be credited to appellant's account as guardian. Upon a hearing before the Probate Court a number of the items with which the guardian asked to be credited were not allowed. The guardian there-

upon filed a sworn statement of account in accord apparently with the views of the Probate Court, which in her affidavit she declared to be "true in substance and in fact as affiant verily believes." This account was approved by the court December 24, 1907.

Notwithstanding she had sworn to this account appellant prayed an appeal to the Circuit Court from the order of the Probate Court as follows: "This day came Rosina Pfeiffer, Guardian of the estate of the above named minors, and presented to the Court an account as to William C. H. Pfeiffer, one of said wards, in conformity with the findings of this Court. Such guardian refuses to accept said account as and for her account as guardian of said ward, whereupon the Court states said account and approves the same as the final account of said guardian as to said William C. H. Pfeiffer and it is ordered that the same be recorded and that said guardian pay over the balance due said ward amounting to $2,862.34 within five days from this date. From which said order said Guardian, Rosina Pfeiffer, prays an appeal to the Circuit Court of Cook County, Illinois," which appeal was granted.

When the case came on for hearing in the Circuit Court, that Court submitted the matter to a jury, which returned a verdict "finding the issues in favor of William C. H. Pfeiffer and against Rosina Pfeiffer for $5,303.61." A motion for a new trial was overruled and the Circuit Court entered judgment on the verdict. From that judgment this appeal is prosecuted.

Edward J. Queeny and W. J. Lacey, for appellant.

Elmer W. Adkinson, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

The only question before the Circuit Court on this appeal was whether the action of the Probate Court upon the guardian's report should be approved or mod-

ified. Under the statute, by the appeal to the Circuit Court the whole case was carried up and was to be tried *de novo*. R. S., chap. 37, sec. 226; Hazelrigg v. Pursley, 69 Ill. App. 467-469. It was said in Miller v. Miller, 82 Ill. 463-471, which was a case involving the approval of a widow's award, that "when the case came to the Circuit Court by appeal, the Circuit Court could not properly exercise any power in the case save that which the County Court could and should have done. The Circuit Court properly could only have ordered the estimate of the appraisers to be set aside or have refused to make such order." In the case at bar the Circuit Court, exercising the power and for the time being the functions of the Probate Court, could approve the account filed by the guardian in the Probate Court, or could direct a new account to be stated as the evidence warranted. Under the statute, probate courts have original jurisdiction in "the appointment of guardians and conservators and settlement of their accounts." R. S., chap. 37, sec. 220. By the appeal jurisdiction to settle the guardian's account was vested in the Circuit Court to be exercised *de novo*. The statute does not provide for a jury trial. The Circuit Court however submitted the matter to a jury. In Schofield v. Thomas, 231 Ill. 114, 119, an appeal from the Probate Court, the question of the probate of a will had been submitted to a jury in the Circuit Court, and the reviewing tribunal said: "The submission was improper, since the statute does not provide for a jury trial and the question was solely for the court. (Moody v. Found, 208 Ill. 78.) There was no judicial determination by the court that the instrument was the last will and testament of Jane Ottman, but the court ordered that the will be admitted to probate." In the case cited (Moody v. Found) it was said in effect that the jurisdiction to admit wills to probate was never a part of the common law jurisdiction of common law courts, and therefore the constitutional provision that "the right of trial by jury as heretofore enjoyed shall remain inviolate," was not "intended to

introduce the jury system into those special summary jurisdictions which were unknown to the common law.'' In the case at bar, the submission to the jury was improper, and it was error to enter judgment against appellant as was done upon the verdict.

Appellant's attorneys moved to dismiss her appeal to the Circuit Court after the trial and verdict there, and before proceeding to argue a motion for a new trial. The motion to dismiss was not we think made in apt time and was therefore properly denied. Steamboat Delta v. Walker, 24 Ill. 233-235. If appellant should again move to dismiss the appeal after the cause is reinstated in the Circuit Court, of course it may be done.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*