## In re Estate of William Darley, Deceased.

## Objections of A. L. Hamilton et al., Appellees, to Final Report of Benjamin Darley, Administrator, Appellant.

1. INSURANCE, § 837*—*when proceeds of life insurance policy are assets of the estate.* The proceeds of a mutual life insurance policy paid to the administrator of the insured pursuant to the terms of the policy where the beneficiaries named have died before the assured, *held* to become assets of the estate and not to belong to the heirs of the insured.

2. INSURANCE, § 838*—*statute construed as to exemption of proceeds of policy from debts of assured.* Section 25 of the Mutual Assessment Act of 1893, J. & A., ¶ 6573, exempting benefit funds from attachment or other process to pay any debt of a policy holder or beneficiary, is designed to protect the society from legal process by creditors of its members and cannot be construed to exempt the proceeds of a policy from the debts of the assured after they have been paid to the administrator of the assured.

3. TRIAL, § 293*—*when propositions of law may not be submitted.* Propositions of law cannot be presented on an appeal to the Circuit Court from an order of the County Court requiring the proceeds of an insurance policy to be inventoried and distributed as assets belonging to the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Morgan county; the Hon.
J. J. COOKE, Judge, presiding. Heard in this court at the April
term, 1914. Affirmed. Opinion filed July 2, 1914. *Certiorari* allowed
by Supreme Court.

ED. D. HENRY, for appellant.

WILLIAM N. HAIRGROVE and KIRBY, WILSON & BALD-
WIN, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the
opinion of the court.

William Darley in August, 1907, was a resident of
Waverly, Illinois. The Merchants' Life Association
of Burlington, Iowa, is a mutual assessment benevo-
lent association, incorporated under the Laws of Iowa
to do a life insurance business on the assessment plan,
and was authorized to do business in Illinois, and main-
tained a general agency at Alton, Illinois. In August,
1907, William Darley made application to the Mer-
chants' Life Association for a policy of insurance on
his life. He was examined at Waverly, and a policy
for $2,000 was issued on his life payable at his death
to Mary Darley, his wife, as beneficiary. The policy
was delivered to Darley at Waverly. Mary Darley,
his wife, the beneficiary named in the certificate, died,
and Mary Darley, his mother, was thereafter designat-
ed and made the beneficiary. She also died before the
insured. Then, without again designating a benefici-
ary, the insured died leaving two minor children as
his only heirs surviving him. A guardian was ap-
pointed and qualified for the children and is now act-
ing as such guardian. William Darley was insolvent
at the time of his death. William Darley, the father
of the insured, was appointed administrator of the
estate of the deceased and collected and receipted for
the $2,000 paid on the policy of insurance. A number
of claims were presented in the County Court and al-
lowed against the estate; among these the claim of A.
L. Hamilton, based on a judgment rendered against

William Darley in May, 1912, was allowed in the sum of $4,236.70, and classified as a claim of the seventh class.

The administrator filed a final report in the estate in the County Court, showing that he had received $2,000 on the policy from the Merchants' Life Association of Burlington, Iowa, and that the estate had no other funds, and stating that the fund received from the policy belonged to Winifred Darley and Carl B. Darley, minor heirs of the insured, and asking for an order from the court that he be directed to pay the proceeds of said policy to the guardian of said children and thereupon be discharged as such administrator.    Notice  of  the  hearing  on  this  report was duly given to the creditors and all parties interested in the estate.  Hamilton and another creditor of the estate appeared and filed objections to the report denying the right of the heirs to receive the proceeds of the insurance policy, and insisting that the $2,000 be inventoried and distributed as assets of the estate.  The County Court sustained the objections to the report and ordered that the administrator inventory said money and pay the same out as assets of the estate on claims according to their class as provided by the statute.  The administrator appealed from the order of the County Court to the Circuit Court where, on a hearing, a similar order was made and the administrator appeals from that order to this court.

The only question involved is whether the money collected on the insurance policy, or certificate, belongs to the children of the assured or is assets of the estate in the hands of the administrator.

The policy on the life of the insured, on which the Merchants' Life Association paid the $2,000, provides: "In the event of the death of the beneficiary prior to that of the member, or in case none is named, the benefit then to be payable to the legal representatives of the deceased member." "The words 'Legal repre-

sentatives,' in the commonly accepted sense, mean administrators or executors. What construction shall be given to the phrase 'legal representatives,' depends upon the intention of the party using it. *Warnecke v. Lembca*, 71 Ill. 91. It was competent, under our law, for the intestate to have made the policy payable to his widow or to his heirs, to the exclusion of his creditors; but this he did not do. He chose to make it payable to his 'legal representatives,' and, in this instance, the legal representative of the intestate is his administratrix. Had it been the intention the proceeds of the policy should go to the widow or heirs, to the exclusion of creditors, apt words no doubt would have been used to express that purpose; but no such intention is manifested. The term employed, 'legal representatives,' must be understood in its ordinary meaning, which is, administrators or executors, and cannot, by construction in this case, be held to include the widow, and heirs, to the exclusion of the administratrix." *People for use of Schuchert v. Phelps*, 78 Ill. 147, citing other cases. To the same effect is *Johnson v. Van Epps*, 110 Ill. 552.

The Merchants' Life Association is an Iowa corporation. Section XV of its charter provides: "No certificate of membership or policy shall be issued by this association to any person under the age of eighteen years nor over the age of fifty-five years, nor unless the beneficiary under such certificate shall be the husband, wife, relative, *legal representative,* heir or legatee of such insured member." The Iowa Code, sec. 1789, also provides who may be beneficiaries and names as such, "the husband, wife, relative, legal representative, heir, *creditor* or legatee of the insured member."

Appellant contends that because the policy was issued by a mutual assessment company and the statute of Illinois for the incorporation of such companies (Session Laws 1893, p. 128, sec. 25; Hurd's St. 1913,

p. 1455, J. & A. ¶ 6573,) provides that the money or benefit rendered by any corporation authorized to do business under this act shall not be liable to attachment nor to be taken by any operation of law to pay any debt of a policy holder or beneficiary, that therefore the proceeds of this policy cannot be used to pay the debts of the assured. It is argued that this section of the statute has not been construed by the courts of this State. The courts have construed section 9 of the Fraternal Insurance Act of 1893, (J. & A. ¶ 6656), the language of which is almost identical with section 25 of the Mutual Assessment Act, and held that this section is only designed to protect the societies from legal process by creditors of their members. *Martin v. Martin,* 187 Ill. 200. The language of the Mutual Assessment Act is not subject to a different construction. There is no reason for giving the language of the policy a construction which would change the clear and usual construction given to the description of the beneficiary of the insured in the policy. That would be making a new contract. We are constrained to hold that the proceeds of the policy are funds in the hands of the administrator to be administered, the same as other assets belonging to the estate.

Propositions of law requested by appellant announcing the law as contended by him were marked refused. This holding is also assigned for error. This is a case where the parties were neither entitled to a trial by jury nor to present propositions of law. *Schofield v. Thomas,* 236 Ill. 417; *Clifford v. Gridley,* 113 Ill. App. 164.

The court, however held the law correctly in deciding the case. The order of the Circuit Court is affirmed.

*Affirmed.*