In re Estate of Rinda Sherman, Deceased.
Mose Sherman, Administrator of the Estate of Rinda
Sherman, Deceased, Plaintiff in Error, v. Henry
W. Farnum et al., Defendants in Error.

Gen. No. 34,794.

Heard in' the first division of this court for the first district at the December term, 1930. Opinion filed March 2, 1931.

HAROLD L. FEIGENHOLTZ, for plaintiff in error; SIDNEY RUBIN, of counsel.

WOLFE, TUTHILL & LYNDE, for .defendant in error HENRY W. FARNUM. FISHER, BOYDEN, BELL, BOYD & MARSHALL, for other defendants in error; THOMAS J. SHAUGHNESSY, THOMAS H. FISHER, WILLIAM N. HADDAD and WALKER B. DAVIS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Mose Sherman, administrator of the estate of Rinda Sherman, deceased, filed his final account, to which objections were filed. Upon hearing in the probate court certain of these objections were sustained and the administrator was held accountable for certain assets and his account as to certain disbursements was disallowed.

An appeal was taken to the circuit court, where the administrator made a demand for a jury trial which demand was refused. The order entered by the circuit court recites that the administrator "having announced that he would stand by his demand for a jury trial, and, when required by the court to proceed, having refused to proceed further or to participate in the trial of this cause," it was therefore ordered that the appeal be dismissed for want of prosecution. The administrator appeals to this court from that order.

The so-called bill of exceptions on motion has been stricken in this court. We are therefore left only the question as to whether the circuit court properly disallowed the motion of the administrator for a jury trial.

The Constitution of Illinois, Article II, section 5, provides that "The right of trial by jury as heretofore enjoyed, shall remain inviolate."

In *Moody v. Found,* 208 Ill. 78, it was claimed that upon the proceeding to admit a will to probate the parties were entitled to a jury trial. It was held to the contrary, the court saying that the jurisdiction to admit wills to probate was purely statutory and that the constitutional right of trial by jury was designed to secure only the right to trial by jury as it had theretofore been enjoyed in these tribunals which exercised common law jurisdiction; it was not intended to confer such right in any class of cases where it had not formerly existed nor was it intended to introduce the jury system in those special summary jurisdictions which were unknown to the common law.

In *Sebree v. Sebree,* 293 Ill. 228, which involved the proceeding in the probate court to determine heirship and the amount of a widow's award, it was held that this proceeding was purely statutory, and on appeal from an order of the probate court the petitioner is not entitled to a jury trial in the circuit court, as the constitutional provision for a jury trial applies only to such cases where the right existed at common law. It has been repeatedly held that a jury trial is not a matter of right upon an appeal to the circuit court from an order of the probate court which relates to an administrator's inventory or final account. *Butler v. Bocock,* 160 Ill. App. 501; *Clifford v. Gridley,* 113 Ill. App. 164; *Coffey v. Coffey,* 179 Ill. 283. In *Pfeiffer v. Pfeiffer,* 152 Ill. App. 268, upon appeal from an order approving a guardian's account, it was held that the parties were not entitled to a jury trial.

The argument for a jury trial seems to be predicated upon the claim that the approval of the administrator's account involves questions of fact, but in almost all of these cases we have just cited questions of fact were involved. The right to trial by jury is given only in cases where such right is or may be given by law and no such right has been given in the matter of approval of a final account in the probate court.

Counsel for the administrator refers to section 60 of the Administration Act, Cahill's St. ch. 3, ¶ 61, which provides that upon the hearing of a disputed claim against an estate either party may demand a jury trial. Manifestly, this section applies only to such a particular instance. We find no authority for a jury trial upon the order of the probate court upon a final account.

As this is the only question presented, for the reasons indicated above the order of the circuit court is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.