[No. 1616.]

### J. D. TORREYSON & S. SUMMERFIELD, COPARTNERS, ETC., APPELLANTS, v. JEROME BOWMAN, AS ADMINISTRATOR, ETC., RESPONDENT.

ADMINISTRATORS—EMPLOYING ATTORNEYS—ACTION FOR FEES. Under Comp. Laws, 3055, providing that proceedings in matters of estates shall be of record, and that all attorneys for estates, executors or administrators shall be attorneys of record, with like powers as in other actions, and shall be entitled to reasonable compensation, to be paid out of the estates, for services rendered, to be allowed by the court, an ordinary action will not lie to bind an estate for services rendered by an attorney therefor.

APPEAL from the Second Judicial District Court, Washoe County; B. F. Curler, Judge.

Action by J. D. Torreyson and another, partners, as Torreyson & Summerfield, against Jerome Bowman, as administrator of the estate of Samuel Bowman, deceased, Judgment for defendant, and plaintiffs appeal. **Affirmed.**

The facts sufficiently appear in the opinion.

*Benjamin Curler*, for Respondent:

I. The judgment in this case should be affirmed for the reason that, when the appellants fail to file any points or authorities as required by the rules of this court, the judg-

ment appealed from should be affirmed. (*Fulton* v. *Day*, 8 Nev. 82; *Finlayson* v. *Montgomery*, 14 Nev. 397; *Robinson* v. *Longley*, 18 Nev. 71; *Goodhue* v. *Shedd*, 17 Nev. 140; *State of Nevada* v. *Myatt*, 10 Nev. 163; *Mathewson* v. *Boyle*, 20 Nev. 88.)

II.   As to the merits of this case, the plaintiffs cannot maintain their action for the reason that attorneys' fees must be allowed by the probate court before they can be charged against the estate of a deceased person.   Section 3055, Comp. Laws of Nevada, 1900 (Cutting), is as follows:   "This act shall be liberally construed, to the end that justice may be done all parties, and as speedy settlement of estates at the least expense secured; and all proceedings in matters of estate shall be proceedings of record as other actions and proceedings; and all attorneys for estates or executors or administrators or appointed in the proceedings shall be attorneys of record with like powers and responsibilities as attorneys in other actions and proceedings; and shall be entitled to receive a reasonable compensation, to be paid out of the estate they respectively represent for services rendered, to be allowed by the court."   From the above-quoted section it will be seen that the court is to determine the value of the services rendered by an attorney in the settlement of an estate, and the court alone must fix the amount to be allowed for said services, and is not bound to take even the opinion of professional witnesses. (*Estate of Dorland*, 63 Cal. 281; *Estate of Levison*, 108 Cal. 450; *Freese* v. *Pennie*, 110 Cal. 467; *Stuttmeister* v. *Superior Court*, 72 Cal. 487.)   In the absence of statutory authority it follows that an estate is not liable to an attorney for his services at the instance of the executor or the administrator, but that the administrator is liable in a suit by the attorney. (Woerner, 2d ed. secs. 757, 758.)

III.   Upon examination of the authorities, it will be seen that the legislature never intended to authorize an executor or administrator of deceased persons to employ an attorney to conduct the business of an estate and to fix the compensation of the attorney, or, as in this case, to bring a suit against the estate for legal services rendered and alleged that they were worth a reasonable sum. (*Estate of Olaf Nicholson*, 1 Nev. 518; *Lucich* v. *Medin*, 3 Nev. 104; 2 Woerner's Admn., secs. 515, 516.)

By the Court, MASSEY, C. J.:

The appellants instituted this suit by complaint and summons in the district court against the respondent, as administrator of the estate of Samuel Bowman, deceased, by which they sought to recover a judgment for $500 for attorneys' fees, payable out of the estate of the decedent. The demurrer interposed by the respondent was sustained, and, appellants refusing to amend, judgment was rendered thereon against them. From this judgment they have appealed.

The question presented here involves the action of the court in sustaining the demurrer. The averments of the complaint material to the question decided are that on the ....... day of August, 1900, the respondent, as administrator, employed appellants as attorneys to assist in the course of the administration of the estate of the deceased; that thereupon the appellants rendered legal services to respondent in and about said administration, and continued so to act until the 3d day of April, 1901, when said employment was terminated by the respondent; that the services rendered were reasonably worth the sum of $500.

By Section 269 (Comp. Laws, 3055) of the act to regulate the settlement of the estates of deceased persons, it is provided, among other matters, that all proceedings in matters of estates shall be proceedings of record, as other actions and proceedings, and that all attorneys for estates, executors, or administrators, or appointed in the proceedings, shall be attorneys of record, with like powers and responsibilities as attorneys in other actions and proceedings, and shall be entitled to receive a reasonable compensation, to be paid out of the estates they respectively represent, for services rendered, to be allowed by the court.

No such provision as the above is found in our old probate act, and under that act there was no authority given to the administrator expressly to create the relation of attorney of record of an estate, or an administrator or executor.

If necessary, the executor or administrator was authorized to employ counsel in a particular matter, but such employment was terminated by the disposal of that matter.

The allowance for such services was made, not to the counsel, but to the administrator, as a part of the necessary

expenses of administration. (Gen. Stats. 1885, sec. 2888; *Douglass* v. *Folsom*, 21 Nev. 446; *Estate of Nicholson*, 1 Nev. 518; *Lucich* v. *Medin*, 3 Nev. 104; 93 Am. Dec. 376.)

It will be observed that the provisions of the new act not only change the rule as it existed under the old one, but also create, as we believe, an exclusive remedy for the recovery for such services against the estate in the hands of the administrator or executor.

Now, the executor or administrator is authorized to employ general counsel. Such counsel are attorneys of record. Fees for their services are made a direct charge against the estate, and are allowed to the attorneys employed. They are not required to look to the administrator for their fees. By the provision of the later act the administrator or executor has no authority to fix the fees to be charged against the estate for such services. Such power is reposed in the court, and no formal suit is necessary. To what end? That there may be speedy and inexpensive settlements of estates; that justice may be done all. Why, then, should the estate be put to the expense of a trial, when all rights of the appellants are secured and protected by this provision? The verdict of the jury might or might not be binding upon the court. The remedy provided is both ample and exclusive. Whether the administrator or executor is personally liable under his contract of employment, and whether the ordinary action lies for such service against the administrator personally or individually, is not presented by this record, and is not considered or determined.

We do hold that for the services alleged the ordinary action will not lie to obtain a judgment binding the estate in the hands of the administrator or executor.

The judgment will therefore be affirmed.