No. 2623

## In Re HEGARTY'S ESTATE

February 4, 1924.                    222 Pac. 793.

1. EXECUTORS AND ADMINISTRATORS—PRIOR NOTICE NOT NECESSARY
   TO ALLOWANCE OF ATTORNEY'S FEES.
   That a petition for approval of the final report of the
   executrix and a distribution of the estate prayed for no
   allowance of an attorney's fee, and that the notice of the
   hearing of the petition did not notify executrix that court
   would hear an application for such allowance, was immaterial,
   in view of Rev. Laws, 6126, making the fee of attorneys for
   an estate a charge thereon to be allowed by the court.

2. EXECUTORS AND ADMINISTRATORS— COUNSEL FEES FOR PROCURING
   PROBATE OF WILL HELD CHARGEABLE AGAINST ESTATE.
   On accounting by an executrix, the court did not err in
   allowing against the estate counsel fees for opposing a contest
   of the will and procuring a probate thereof, in view of Rev.
   Laws, 5859, 5861, making it the duty of the executor to pro-
   bate the will or to file a renunciation thereof, and in view of
   the fact that the person who employed the counsel to procure
   the probating of the will was the executrix and was the sole
   beneficiary thereunder and prevailed in the contest.

3. ATTORNEY AND CLIENT—ATTORNEY NOT CHARGEABLE WITH NEGLI-
   GENCE OF COURT CLERK IN GIVING INSUFFICIENT NOTICE OF PRO-
   BATE OF WILL.
   An attorney in absence of knowledge in the matter is not
   chargeable with the negligence of the clerk of the court in
   giving an insufficient notice of the hearing of the application
   for the probate of a will, in view of the plain requirements
   of Rev. Laws, 5866, that the clerk of the court shall give such
   notice.

4. EXECUTORS AND ADMINISTRATORS—NO ALLOWANCE FOR ATTOR-
   NEY'S FEES FOR APPEAL TAKEN FROM ORDER SETTING ASIDE
   ORDER ADMITTING WILL TO PROBATE AFTER ONLY NINE DAYS'
   NOTICE.
   Where an order admitting a will to probate was made on
   nine days' notice although the statute required ten days'
   notice and was therefore entered without jurisdiction, an
   appeal from an order setting aside the order of probate was
   without excuse, and no allowance of attorney fees for services
   on such appeal will be made.

5. STATUTES—CONSTRUCTION UNNECESSARY WHERE MEANING CLEAR.
   Where the meaning of a statute is clear, there is no occa-
   sion for construction.

6. ATTORNEY AND CLIENT—RULE STATED AS TO SKILL REQUIRED.
   Generally, professional men are held liable only when
   they fail to exercise reasonable knowledge or skill in the
   performance of professional duties.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran*, Judge.

In the matter of the estate of Denis Hegarty, deceased. Appeal by the executrix, Catherine Coleman, from an order making an allowance to the attorneys for the estate, and from an order denying her motion for a new trial. **Remanded with instructions. Pending on petition for rehearing.** (See, also, 46 Nev. 321.)

*A. Grant Miller, Nash P. Morgan,* and *Harry Swanson,* for Appellant:

Attorney's fees for services which are not beneficial to estate cannot be paid out of estate. Hite's Estate, 101 Pac. 448; Torreyson v. Bowman, 26 Nev. 369; Rev. Laws, 6126.

Fact that executrix is sole distributee does not change rule. If she is personally liable, her attorneys have their remedy at law. Court has no jurisdiction of that question in this proceeding.

Fees cannot be collected out of estate for services made necessary by error of attorneys in attempt to probate will on nine days' notice. Fees are not to be paid when litigation is unnecessary, improper, or groundless. Kruger's Estate, 55 Pac. 1056; Bullim's Estate, 31 L. R. A. (N. S.) 350.

*M. B. Moore* and *Wm. McKnight,* for Respondent:

Attorney for estate or executrix is entitled to receive reasonable compensation to be paid out of estate, to be allowed by court, and is not required to give notice of application therefor. Rev. Laws, 6126; Torreyson v. Bowman, 26 Nev. 369.

Failure to give notice for ten days cannot be attributed to error or neglect of attorneys, because statute provides such notice be given by clerk. Rev. Laws, 5866; Hegarty's Estate, 45 Nev. 145.

Before statute was construed by supreme court, there was no reason to suspect publication for more than two issues in weekly paper was required. Attorney is not to lose fair recompense for such error as cautious may or might fall into. Montrious v. Jefferys, 2 C. & P. 115; Morrill v. Graham, 27 Tex. 646. Attorney is not liable for error if act is difficult or doubtful. Crosbie v. Murphy, 8 Ir. C. L. 301.

Contest resulting in gain to successful claimant is sufficient consideration for allowance. Hite's Estate, 101 Pac. 448.

What is reasonable compensation for attorney of executrix is in discretion of court. Rev. Laws, 6126; Torreyson v. Bowman, supra. Supreme court will not interfere unless lower court abuses discretion. Freese v. Pennie, 42 Pac. 978.

By the Court, COLEMAN, J.:

This is an appeal by the executrix, Catherine Coleman, from an order of the district court making an allowance to the attorneys for the estate, and from an order denying her motion for a new trial.

In January, 1920, Mrs. Coleman, a sister of the deceased, through her attorneys, Moore & McIntosh, made application for the probating of the will of Denis Hegarty and for the issuance of letters testamentary to herself, she being named in the will as sole legatee and as executrix. The hearing on this petition was had February 9, 1920, when the court ordered that the will be admitted to probate and that Mrs. Coleman be appointed executrix. Thereafter a petition was presented to the court in behalf of certain other sisters of the deceased praying the revocation of the letters testamentary theretofore issued. The court ordered the revocation thereof upon the ground that the notice of the application therefor had been published for only nine days instead of for ten days, as required by the statute and the order of the court. Mrs. Coleman, through her said attorneys, appealed from said order to this court, which affirmed the order appealed from. Thereafter a notice of a hearing upon the application of Mrs. Coleman for the admission of the will to probate and for letters testamentary was duly published. The sisters of the deceased, other than Mrs. Coleman, appeared in apt time and entered appropriate objection to the granting of the prayer of the petition. A contest was had, and, after the hearing, the court ordered the will admitted to probate and that letters testamentary issue to Mrs. Coleman as prayed. An appeal was taken

from said order to this court by the contestants, where the order appealed from was affirmed. Thereafter the estate was administered in accordance with the terms of the will. Upon the hearing of the petition for a final settlement of the estate and for distribution thereof to Mrs. Coleman, the court heard testimony as to the value of the services rendered the estate by the attorneys who had represented Mrs. Coleman at all stages of the proceedings, and thereupon it made an order fixing the fee of the attorneys. Mrs. Coleman, as executrix, being dissatisfied with the order, obtained other counsel and made application for a modification of the order. Upon the hearing of this application the court modified the allowance and determined by its order that a certain amount of the sum allowed was for services rendered to Mrs. Coleman prior to the entry of the final order admitting the will to probate and directing the issuing of letters testamentary.

While counsel for appellant have assigned numerous errors as grounds for the reversal of the order appealed from, they are all discussed under three heads, as follows: (1) Irregularities in the proceedings; (2) allowance of fees for services not beneficial to the estate; (3) allowance of fees for services due to the negligence of the attorneys.

1. We will consider the first contention. It is based upon the proposition that the petition for approval of the final report of the executrix and for a distribution of the estate to Mrs. Coleman prayed for no allowance of an attorney's fee and that the notice of such hearing did not notify her that the court would hear an application for an allowance of attorneys' fees. This contention is totally without merit. There was no necessity for embodying any allusion to the attorney's fee in either the petition or the notice of the hearing thereof. Under our statute (Rev. Laws, 6126) the fee of attorneys for an estate is a charge upon the estate to be allowed by the court. All persons are chargeable with knowledge of this law and with notice that the court will make such an allowance. It certainly had to be made before the

estate was closed, and, in the circumstances of the case, the time for the making thereof was when the final report was approved and distribution ordered.

2. We come now to a consideration of the second proposition. This pertains to the allowance by the court of a fee for the services rendered by counsel in opposing the contest and in procuring the probate of the will in question. These services were rendered at the request of Mrs. Coleman, who is named as the executrix in the will and is the sole beneficiary thereunder. Our statute (Rev. Laws, 5859, 5861) makes it the duty of a person named as an executor in a will, within fifteen days after obtaining knowledge thereof, to present the same to the district court and to file a renunciation of the trust or to petition the probating of the will, and making any person who fails to act without reasonable cause liable.

Counsel for appellant, in support of the contention that the court had no authority to make an allowance of attorney's fees in opposing the contest and in procuring the probate of the will, rely mainly upon the opinion in the matter of Higgins's Estate, 158 Cal. 355, 111 Pac. 8. The reason why that case does not control is that in the instant case Mrs. Coleman, who employed counsel to procure the probating of the will, was named as executrix therein, and was the sole beneficiary thereunder, and prevailed in the contest. In the Higgins case the testator left a widow and three children, Herbert, Albert, and Cornelia. Herbert was named in the will as executor. By the terms of the will the testator gave the widow one-half of his estate, and divided the other one-half as follows: One-sixth to Cornelia, two-sixths to Albert, and three-sixths to Herbert. The effect of the will, therefore, was simply to take from Cornelia one-half the share to which she would have succeeded as heir if the deceased had died intestate, and give the same to Herbert. When the will was offered for probate, Albert and Cornelia filed a contest. Herbert employed counsel to fight the contest. The court, in refusing to allow attorney's fees out of the estate to the attorneys employed by Herbert, said:

"The contest was practically nothing but a contest between the executor and Cornelia for one-twelfth of the estate of the decedent. No one else was or could be beneficially interested," and concluded that the executor should alone bear the expense of the contest. This clearly shows the distinction between the two cases. But the Supreme Court of California recognized the rule contended for by respondent in the matter of Hite's Estate, 155 Cal. 448, 101 Pac. 448, when it quotes approvingly from 2 Woerner on Administration (2d ed.), sec. 517, as follows:

"If, therefore, an administrator or executor incur expense at the request or in the interest of a legatee or devisee, in the fruitless attempt to establish a will, the parties are liable therefor, but not the estate. If the will is established, however, the costs and counsel fees, being chargeable against those who are benefited by the litigation, may be charged against the estate, if it go to the parties so benefited; otherwise, the executor's remedy is by action for contribution."

This is the rule universally recognized as far as we are aware. Andrews v. Andrews's Administrators, 7 Ohio St. 143; Meeker v. Meeker, 74 Iowa, 352, 37 N. W. 773, 7 Am. St. Rep. 489; Mathis v. Pitman, 32 Neb. 191, 49 N. W. 182; Mesick v. Mesick, 7 Barb. (N. Y.) 120; Scott's Estate, 9 Watts & S. (Pa.) 98.

In the last-mentioned case it was said:

"The executor liquidated, not for his own interest, but for the interest of the party who got the whole estate by the litigation, and now refuses to reimburse him his expenses. Devisees might just as reasonably object to allow him the costs of an ejectment for recovering their land. The case is too plain for argument."

While the case of Wilson v. Wilson, 188 Ky. 53, 221 S. W. 874, 10 A. L. R. 780, is not in point, however, if any inference may be drawn therefrom it must be favorable to the view contended for by respondents. The same may be said of Re Hentges's Estate, 86 Neb. 75, 124 N. W. 929, 26 L. R. A. (N. S.) 757. It may not be out of place to add that the note found in 10 A. L. R. and 26 L. R. A. (N. S.), just mentioned, show a variety

of situations in which the question of the liability of an estate for expenses incurred by the proponents of wills was considered. The instant case is different from each of the cases cited for our consideration in that the contest in those cases was between heirs at law of the deceased, whereas in the instant case the contest is between the sole beneficiary, who is also the executrix under the terms of the will, and the attorneys whom she employed in procuring the probate of the will.

There are authorities holding that where one who is named as executor in a will, if he has no knowledge or reasonable grounds on which to predicate a well-founded suspicion of the invalidity of the will, and acts in good faith, attorney's fees incurred in the contest should be paid by the estate, but we do not deem it necessary to decide this point. Fillinger v. Conley, 163 Ind. 584, 72 N. E. 597.

The case of Torreyson v. Bowman, 26 Nev. 369, 68 Pac. 472, cited by appellant, was one growing out of an administratorship. There was no will to be probated in that case. This case turns upon a question not involved in that case.

The court did not err in the respect mentioned.

3-6. The next question presented is as to the negligence of the attorneys in connection with the giving of the first notice of the hearing of the application for the probating of the will; the statute requiring the giving of such notice provides that the clerk of the court shall give it. Rev. Laws, 5866. There is no evidence in the record in this matter pertaining to the giving of the notice indicating that the attorneys had anything to do with the giving of the notice; hence we must presume that the notice which was given, and which was held insufficient (In Re Hegarty's Estate, 45 Nev. 145, 199 Pac. 81), was given and controlled by the clerk. The statute imposes no duty whatever upon the attorney for the proponent of the will in connection with the giving of this notice. Our attention has been called to no case in which the question here presented was considered, and we have found none throwing any light upon the matter. However, we can perceive of no theory upon

which an attorney should be held liable for the failure of an officer to comply with a plain requirement of a statute. There is nothing in the record before us to show that the attorney had any reason to doubt that the notice had been properly given until the hearing upon the motion to vacate the order admitting the will to probate. In this situation we cannot say that the attorney was chargeable with negligence.

We are of the opinion, however, that so much of the allowance made by the lower court for attorney's fees for services alleged to have been rendered in appealing from the order of the court in vacating the original order admitting the will to probate, based upon the defective notice, was without justification. The statute requires that the notice be given for ten days. The undisputed evidence showed that it was given for only nine days; hence it necessarily followed that the court had no jurisdiction to enter the order admitting the will to probate. In Re Hegarty's Estate, supra. There was no excuse for putting the estate to the expense of an appeal from that order. The statute is clear as to the length of time required for the giving of the notice. There was no occasion for construction. It is admitted that the notice was given for only nine days. The court simply held that the statutory notice had not been given, and that the former order was prematurely entered. Generally speaking, it is the rule that professional men are held liable only when they fail to exercise reasonable knowledge or skill in the performance of professional duties. 6 C. J. 696. In the instant case we must assume that the attorneys knew the statutory provision in question and that they could count. They had before them the ruling of the court upon the statute. There was no room for doubt on the proposition. They took the appeal with positive knowledge of the law and the fact.

It is ordered that the matter be and it is hereby remanded to the lower court with instructions to modify the order in accordance herewith. Appellant to recover costs.