IN RE HANSEN'S ESTATE
HANSEN *v.* BIGGANE

No. 2726

September 11, 1926.                    248 P. 891.

1. EXECUTORS AND ADMINISTRATORS—FINAL ACCOUNT.
   Under Rev. Laws, sec. 6112, order allowing administrator's final accounting of estate exceeding $13,000 was appealable by heirs at law as interested parties.

2. EXECUTORS AND ADMINISTRATORS—COMPENSATION.
   Under Rev. Laws, secs. 6038, 6040, district court was without power to allow administrator increased compensation for extraordinary services, statutory commissions being intended as full compensation except as to additional just and reasonable allowance for services respecting realty.

3. EXECUTORS AND ADMINISTRATORS—ATTORNEY'S FEE.
   Under Rev. Laws, sec. 6126, fee of attorneys for services to decedent's estate is charge on estate to be allowed by court.

4. EXECUTORS AND ADMINISTRATORS—ATTORNEY'S FEE.
   Under Rev. Laws, sec. 6126, attorney for decedent's estate is entitled to allowance of only reasonable fees, and court is without power to grant allowance for extraordinary services.

5. EXECUTORS AND ADMINISTRATORS—BAD FAITH.
   Whether there was bad faith in appointment of administrator and management of estate by administrator and his attorney *held* for court of probate to determine, and will not be passed on originally by supreme court.

C. J.–CYC. REFERENCES

APPEAL AND ERROR—3 C. J. sec. 511, p. 648, n. 46.
EXECUTORS AND ADMINISTRATORS—24 C. J. sec. 931, p. 310, n. 49; p. 311, n. 61; sec. 2423, p. 988, n. 24; sec. 2513, p. 1047, n. 66.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden*, Judge.

In the matter of the estate of Ole Hansen, deceased. From an order allowing and confirming the final account of John W. Biggane, administrator of the estate of decedent, Jens Christian Hansen and others appeal. **Cause remanded.**

*Le Roy F. Pike, Henshaw, Black & Lyders,* and *Eric Lyders,* for Appellants:

Fees of administrator and attorney are grossly excessive. Osborn's Estate, 58 P. 521; McDermid's Estate, 222 P. 295; Kirchoff v. Bernstein, 181 P. 746; Rev. Laws, 6040.

Court cannot make extra allowance in absence of claim therefor. Steel v. Holladay, 26 P. 562; Partridge's Estate, 51 P. 82.

One who obtains administration of estate by false allegation is not entitled to compensation for himself or attorney, even though estate is properly administered. Hall v. Santangelo, 60 So. 168.·

Administrator and attorney disregarded law application to administration and should receive no compensation. Inventory was filed six years, instead of twenty days, after appointment. Rev. Laws, 5942. First account should be filed within thirty days after claims are acted upon. Rev. Laws, 6041. Full account must be filed by administrator. Rev. Laws, 6042. Seven years after only claim filed was acted upon, account was filed, not by administrator, but by his brother. Administrator may not delegate discretionary duties to another. 24 C. J. 1006; Cheever v. Ellis, 96 NW. 1067.

Courts frown upon mismanagement of estates. Nicholson's •Estate, 1 Nev. 516; Lucich v. Medin, 3 Nev. 98. Property was allowed to depreciate; claim due estate was neglected; interest on deposit was not collected. Administrator who mismanages or defrauds estate may be deprived of compensation. 24 C. J. 997; Estate of Rutledge, 56 NE. 511; Estate of Delaney, 41 Nev. 384.

Uncertainty as to heirs does not justify delay in closing administration. Delaney's Estate, supra.

Appeal should not be dismissed. Record contains all papers used on hearing below. Rev. Laws, 5326.

*J. M. Lockhart,* for Respondents:

No fraud was practiced in obtaining appointment. Petitioner alleged he had charge of property and had obligated himself to pay funeral expenses, clearly putting himself in class 11, Rev. Laws, 5894. Court found petitioner was creditor. When findings are within issues, this court will assume they are supported by evidence. Young v. Holman, 47 Nev. 4.

As no claims were filed against estate, first account

was not required. Rev. Laws, 6041. Funeral expenses do not come within this section. It is not necessary to get court order to pay them.

Administrator is not obliged to pay any expenses, except those of last sickness and funeral, nor any legacy, until so ordered by court. Rev. Laws, 6055.

Rev. Laws, 6042, requires account to be under oath. That was done.

Much, rather than little, work was required in settlement of this estate. In comparison with work done, attorney in Shufeldt v. Hughes, 104 P. 253, received double or treble amount received by attorney in this case.

Decisions cited regarding wasted estates do not apply, as this estate increased steadily in value during administration.

Unless trial court is shown to have abused discretion in allowance of attorney's fee, supreme court will not interfere, particularly when there is no evidence in record as to what services were reasonably worth. In Re Davis' Estate, 104 P. 521.

Charge of fraud is too silly to deserve comment. Each step taken was submitted to court, and approved.

Direct appeal should not be permitted. In each case cited, objections were urged in trial court. Our court rules and practice provide proper procedure. In Re Hegarty's Estate, 47 Nev. 369.

It is province of trial court to decide all questions of fact. McNee v. McNee, 49 Nev. 90.

## OPINION

By the Court, SANDERS, J.:

Appellants are subjects of the kingdom of Denmark, and are the heirs at law and the distributees of the estate of Ole Hansen, who died in Los Angeles, Calif., in 1918, intestate, leaving an estate in Ely, White Pine County, Nevada, which place was deceased's domicile.

The deceased left no known heirs, and the identity of appellants as his heirs was established through depositions taken under the direction of the Consul General of the United States at Copenhagen, upon interrogatories submitted upon an order of the court below in the matter of said estate.

On the 18th day of April, 1918, John W. Biggane qualified as administrator of said estate, and on the 20th day of May, 1925, as such administrator, filed his first and final account of his trust, showing total receipts of $14,716.22 and total disbursements of $1,668.90, thus leaving a balance in the hands of the administrator subject to distribution upon court order of $13,047.32. Upon the filing of his account the administrator petitioned for its allowance and confirmation, and prayed distribution of the estate and his discharge as administrator. In the petition it was represented that all the debts of the deceased and of his estate and all expenses of administration had been paid except the commissions, expenses, and allowances due the administrator and the attorney of record in the matter of said estate.

We note from the proceedings below that the affairs of the estate were not involved, and that the deceased was not indebted, and there was no outstanding indebtedness against his estate other than the funeral expenses. The legal work of the estate consisted simply of preparing the usual papers incident to the settlement of an estate and the preparation of applications and obtaining orders for the management of the property of the estate. The estate consisted of $5,884.67 on deposit in the First National Bank of Ely, Nevada, bonds of the White Pine Telephone Company of the face value of $5,000, and three lots at the corner of Fifth and Campton Streets, Ely, Nevada, of the appraised value of $2,650.

On the 19th day of June, 1925, upon notice previously given, the court allowed and confirmed the account of the administrator, and ordered that out of the sum of $13,047.32, the balance in the hands of the administrator subject to distribution, there be paid $1,300 as

the compensation of the administrator and $2,000 as compensation for the attorney of record, reciting in the order or decree as follows:

"And which sums approved as a compensation to the said parties for such services, the services rendered by the administrator and his said attorney, and being deemed extraordinary services in addition to their regular duties."

Appellants made no appearance in the matter of the administration of said estate and took no steps in the court below to have the settlement of the estate opened, vacated, or set aside, but appealed from the order of allowance and confirmation of the administrator's final account, and particularly that portion thereof which fixed the compensation of the administrator at $1,300 and that of his attorney at $2,000. In support of their appeal, based solely upon a transcript of the proceedings in the matter of said estate, appellants insist that the compensation allowed the administrator is in violation of the statute; that the compensation of the administrator and his attorney is excessive; that because of their mismanagement and negligence said parties forfeited their right to any compensation whatever; and that the court in the settlement of said estate should have surcharged the administrator with interest at the legal rate on the funds of the estate kept over for a long period of time in the First National Bank of Ely, Nevada, of which institution the administrator was cashier.

1. The decision and decree allowing the final account of the administrator is appealable, and appellants, being interested in and affected and aggrieved by said decision and decree, had a statutory right of appeal. Section 6112, Rev. Laws. Consequently the motion of the respondents to dismiss the appeal for want of a bill of exceptions is not well taken.

It is provided by statute that upon such an appeal the appellate court may in its discretion reverse, affirm, or modify the judgment, order, or decision appealed from. Section 6113, Rev. Laws. But there being nothing before the court other than the proceedings incident to

the settlement of estates of deceased persons, we shall review the proceedings only for the purpose of determining whether the court exceeded its jurisdiction, power, and authority in fixing the compensation of the administrator and his attorney in the amounts specified as increased compensation for extraordinary services rendered the estate.

Section 6038, Rev. Laws, provides:

"He [the executor or administrator] shall be allowed all necessary expenses in the care and management as well as settlement of the estate, and for his services such fees as provided by law; but when the deceased shall, by his will, make some other provision for the compensation of his executor, this shall be deemed a full compensation for such services, unless the executor files a renunciation, in writing, of all claim for the compensation provided by the will."

Section 6040, Rev. Laws, provides:

"When no compensation shall have been provided by the will, or the executor shall renounce all claims thereto, he shall be allowed commissions upon the whole amount of the personal estate accounted for by him, as follows: For the first thousand dollars, at the rate of six per cent; for all above that sum and not exceeding five thousand dollars, at the rate of four per cent; for all above five thousand dollars, at the rate of two per cent and the same commissions shall be allowed to administrators. In all cases such additional allowance may be made by the court for services in regard to the real estate, when it shall be made to appear that the same is just and reasonable."

2. Under such statutory provisions it is universally held that personal representatives can be allowed only the compensation fixed by the statute even though the administration of the estate has been especially difficult or they have rendered unusual services which have benefited the estate. 24 Cyc. 988, note 24. As a result of section 6040, Rev. Laws, which fixes the exact amount of commissions allowed an executor or administrator, the court below exceeded its powers in allowing to the administrator an increased compensation for

extraordinary services in addition to his regular duties. The statutory commissions are intended to be a full compensation for the services rendered during the entire administration, except an additional allowance may be made by the court for services in regard to the real estate, when it shall be made to appear that the same is just and reasonable. It is manifest that the court did not follow the statute in respect to the allowance of commissions and took no note of the statute in respect to an additional allowance in reference to the real property. The real property was sold upon court order in accordance with the requirements of the statute, and the sale was confirmed for the price of $1,800.

3, 4. As to the compensation of attorneys in the matter of settlement of estates, section 6126, Rev. Laws, provides:

"This act shall be liberally construed, to the end that justice may be done all parties, and as speedy settlement of estates at the least expense secured; and all proceedings in matters of estate shall be proceedings of record as other actions and proceedings; and all attorneys for estates or executors or administrators appointed in the proceedings shall be attorneys of record with like powers and responsibilities as attorneys in other actions and proceedings, and shall be entitled to receive a reasonable compensation, to be paid out of the estate they respectively represent for services rendered, to be allowed by the court."

Under this statute the fees of attorneys are a charge upon the estate to be allowed by the court. In Re Hegarty's Estate, 47 Nev. 369, 222 P. 793. But the fees allowable under the statute are required to be reasonable. Unlike California, our legislature has not seen fit to provide a uniform standard for the determination of what shall be allowed for the services of an attorney, but leaves it to the discretion of the court; and, unlike California, no provision is made for increased compensation for extraordinary services rendered an estate by the attorney of record. Consequently, in the absence of a statute, we are not called upon in this case to consider

whether the services rendered were extraordinary or not.

We are of the opinion that the court, in basing the compensation of both the administrator and his attorney upon what it deemed extraordinary services in addition to their regular duties, committed error.

5. In the present state of the record we cannot in fairness to the court below uphold the contention of counsel for appellants that bad faith was displayed in the appointment of the administrator and in the management of the estate by the administrator and his attorney. These were matters peculiarly within the province of the court of probate to consider and determine upon a proper showing, and we decline to convert this court into one of original jurisdiction and say that the respondents, because of their alleged derelictions, forfeited their right to any compensation whatever for the services rendered the estate, or that the administrator should be surcharged with interest on the funds of the estate.

The order will be that the cause be remanded for such further proceedings as the parties may be advised with respect to the compensation of the administrator and his attorney under the sections of the statute above set out.

It is so ordered.