HAROLD RHODEN, Substitute Executor of Noah Die-
trich, Estate of Howard R. Hughes, Appellant, v.
FIRST NATIONAL BANK OF NEVADA; WILLIAM
LUMMIS, and ABSENT and MINOR HEIRS,
Respondents.

No. 11369

August 14, 1980                                    615 P.2d 244

*Beckley, Singleton, DeLanoy & Jemison* and *Mark C. Scott,
Jr.,* of Las Vegas, for Appellant.

*Morse-Foley,* of Las Vegas, and *Andrews, Kurth, Campbell
& Jones* and *James W. Dilworth,* of Houston, Texas, for
Respondents.

**OPINION**

By the Court, THOMPSON, J.:

The district court denied attorney's fees to the executor of a will which was presented for but not admitted to probate on the ground that it was without jurisdiction to award fees. This appeal tests the propriety of that ruling. For reasons hereafter stated, we affirm.

Howard R. Hughes, Jr., died April 5, 1976. A handwritten document purporting to be his Last Will was discovered at the Mormon Church Headquarters, Salt Lake City. Officials of the Church delivered that document to the clerk of the district court in Clark County, Nevada. The document nominated Noah Dietrich to be executor. Harold Rhoden, as attorney for Dietrich, petitioned the court to admit that document to probate as the Last Will of Howard R. Hughes, Jr. Because of Dietrich's advanced years, Rhoden was substituted as executor.

The heirs of Hughes contested the probate of the proffered will. The contest was tried to a jury. The jury found that document invalid since is was not entirely written, dated and signed by Hughes. The validity of that finding has not since been challenged by the proponents of the document.

The coadministrators of the Hughes Estate in Nevada, First National Bank of Nevada and William R. Lummis, were not parties to the will contest. Assets of the Estate were not used to defray expenses of that contest. That litigation was between private parties.

1. A decedent's estate may be obliged to pay for counsel fees incurred in successfully procuring the probate of a contested will. In Re Hegarty's Estate, 47 Nev. 369, 222 P. 793 (1924). The appellant suggests that we enlarge the concept of In Re Hegarty to embrace an *unsuccessful* attempt to procure the probate of a contested will, if the attempt was carried forward in good faith. We decline to do so. Indeed, In Re Hegarty

656

explicitly distinguished between an unsuccessful effort to establish a proffered will and a successful one, noting that in the former case the parties are liable for counsel fees, and in the latter the estate may be chargeable if it is distributed to the parties benefited by the litigation. Id. at 374.

2. It is settled that in the absence of rule, statute or contract authorizing an award of attorney's fees, such fees may not be allowed. Guild v. First Nat'l Bank of Nev., 95 Nev. 621, 600 P.2d 238 (1979); Consumers League v. Southwest Gas, 94 Nev. 153, 576 P.2d 737 (1978); Sun Realty v. District Court, 91 Nev. 774, 542 P.2d 1072 (1975). It is the appellant's contention that NRS 150.060(1) should be read to authorize the payment of fees in the circumstances here present. In relevant part it is there stated that "[a]ttorneys for executors, administrators and special administrators are entitled to reasonable compensation for their services, to be paid out of the decedent's estate." It is argued that since the quoted language does not limit the award to services rendered at any particular time, that is, before or after probate, we should allow such fees if the unsuccessful attempt to procure the probate of a will was carried forward in good faith. We do not so read the quoted words. To allow the requested fees to one who did not perform services to an executor, administrator or special administrator, would be contrary to the statutory authorization. Neither Noah Dietrich nor Harold Rhoden qualified as executor (or in any other capacity) of the Estate of Hughes. Dietrich merely was named executor in a handwritten document purporting to be the Last Will of Hughes and found to be invalid. Had that document been admitted to probate, NRS 150.060(1) would have been satisfied, and reasonable compensation to the attorneys for pre-probate services to the executor authorized. In Re Hegarty, supra. However, that document was denied probate. In such circumstances compensation is not authorized.

3. Statute directs one who is named executor of a will to present the will, if in possession of it, to the district court. NRS 136.050(2). It is suggested that this duty to present necessarily carries with it the right to employ counsel and to defend a contest of a will so presented. The record does not reflect that Noah Dietrich, the named executor, ever had possession of the purported will. Consequently, the statute has no bearing on this case. In any event, one named as executor in a document purporting to be a will is not compelled to seek letters or to probate the will. He may renounce his nomination.

4. Other contentions have been considered and found to be without merit.

Affirmed.

GUNDERSON, MANOUKIAN, and BATJER, JJ., and BEKO, D.J.,[1] concur.