JUNE A. GAVIN, SPECIAL ADMINISTRATRIX OF THE ESTATE OF ANNETTE GANO LUMMIS, APPELLANT, *v.* HAROLD RHODEN, SUBSTITUTE EXECUTOR FOR NOAH DIETRICH, ESTATE OF HOWARD R. HUGHES, JR., DECEASED, RESPONDENT.

No. 11359

March 25, 1981                                    625 P.2d 571

---

[6]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6 § 4.

[Rehearing denied May 11, 1981]

*Andrews, Kurth, Campbell & Jones,* Houston, Texas, and *Morse-Foley,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal involves the award of costs in a pre-probate will contest. NRS 137.020(3). This is a companion case to Rhoden v. First Nat'l Bank of Nev., 96 Nev. 654, 615 P.2d 244 (1980) and involves the validity of the so-called Mormon Will and its relationship to the Estate of Howard R. Hughes, Jr.

After a trial by jury, a verdict was rendered in favor of appellant. The district court also awarded costs to appellant. That court, however, did not indicate the amount. Appellant subsequently submitted a memorandum of costs which totalled $122,878.27. Respondent filed a motion to deny, retax and settle costs. At that time respondent argued that NRS 18.090[1] should apply and the costs should be assessed against the estate. Appellant responded and argued that a pre-probate will contest is a "special proceeding," that NRS 18.020[2] should be

---

[1]NRS 18.090 provides:

In an action prosecuted or defended by an executor, administrator, trustee of express trust, or a person expressly authorized by statute, costs may be recovered as in an action by and against a person prosecuting and defending in his own right; but such costs shall, by the judgment, be made chargeable only upon the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant, personally, for mismanagement or bad faith in the action or defense.

[2]NRS 18.020 provides:

Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases:

1. In an action for the recovery of real property.
2. In an action to recover the possession of personal property, where

applied, and that costs should be awarded to the prevailing party against the respondent. The district court denied appellant's memorandum of costs and granted respondent's motion. This appeal followed.

In the *Rhoden* case, which concerned the award of attorney's fees in a pre-probate will contest, this court characterized the instant will contest as litigation between private parties and not litigation involving an executor of an estate. Applying the same logic, it appears that NRS 18.090 does not apply to the award of costs in a pre-probate will contest, since the litigation does not involve an executor.

This court has also characterized a will contest as a "special proceeding," *see* Wainwright v. Bartlett, Judge, 51 Nev. 170, 271 P. 689 (1928). Thus, NRS 18.020(4) applies to a pre-probate will contest and "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered."

Accordingly, we reverse the order of the district court and remand the matter for further proceedings consistent with this opinion.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., and GREGORY, Sr. D. J.,[3] concur.

---

the value of the property amounts to $750 or over. The value must be determined by the jury, court or master by whom the action is tried.

3.   In an action for the recovery of money or damages, where the plaintiff seeks to recover $750 or over.

4.   In a special proceeding.

5.   In an action which involves the title or possession of real estate, or the legality of any tax, impost, assessment, toll or municipal fine, including the costs accrued in the action if originally commenced in a justice's court.

[3]The Governor designated The Honorable Frank B. Gregory, Senior District Judge, to sit in this case in the place of THE HONORABLE JOHN C. MOWBRAY, Justice. Nev. Const. art. 6, § 4; SCR 10.