## George A. Moody

### *v.*

### Alfred Found, Exr.

*Opinion filed February 17, 1904.*

1. Wills—*party not entitled to a jury in a proceeding to probate will.* Whether an instrument in writing is entitled to probate as a will is a question for the determination of the court without a jury, both in the county or probate court and on appeal to circuit court.

2. Same—*party desiring jury trial should file bill to contest will.* One desiring to broaden the inquiry necessary in a proceeding to probate a will and have a jury trial upon the question of the testator's testamentary capacity should resort to a bill in chancery to contest the will.

3. Trial by Jury—*purpose of constitutional guaranty of trial by jury.* The constitutional provision that the right of trial by jury "as heretofore enjoyed" shall remain inviolate, was designed to secure the right as it had theretofore been enjoyed in tribunals which exercised common law jurisdiction, and was not intended to confer such right in cases where it had not formerly existed.

Appeal from the Circuit Court of Iroquois county; the Hon. R. W. Hilscher, Judge, presiding.

W. J. Brock, H. K. Wheeler, and J. W. Kern, for appellant.

Daniel F. Higgins, and A. F. Goodyear, for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

The appellee, who was the executor therein named, presented to the county court of Iroquois county, for probate, the last will and testament of George Moody, deceased. The county court admitted the will to probate and ordered the same recorded. An appeal was perfected to the circuit court of said county, where the will was again held to be duly proven, and the testator having died seized of real estate the title to which was trans-

ferred by said will, a further appeal has been prosecuted
direct to this court.

The appellant moved the circuit court that the issues
involved in said appeal be submitted for determination
to a jury, which motion was overruled and the hearing
was had before the court without a jury, and the action
of the court in declining to submit said issues to a jury
has been assigned as error, and is urged as ground for
a reversal in this court.    The Statute of Wills in force
in this State does not provide for a trial by jury in the
county court upon the presentation of a will for probate,
but the question whether, or not an instrument in writing
has been duly established as the last will and testament
of a decedent, and is entitled to be admitted to probate,
is left to the determination of the county court without
a jury.    Neither does the statute providing for appeals
from the judgment of the county court in admitting or
refusing to admit wills to probate provide for a trial by
jury in the circuit court, but the same issues are involved
in the circuit court upon the appeal which were tried in
the county court, and those issues, on appeal, are to be
determined by the circuit court without a jury, the same
as they were tried without a jury and before the court in
the county court.

The jurisdiction to admit wills to probate has never
been exercised by the common law courts as a part of
their common law jurisdiction, but prior to the establish-
ment of probate courts the ecclesiastical courts of Eng-
land and the analogous courts of this country exercised
that jurisdiction, and that jurisdiction, as now exercised
by the county court of this State, is purely statutory, so
that the constitutional provision that "the right of trial
by jury as heretofore enjoyed, shall remain inviolate,"
did not confer upon the appellant the right to demand
a jury upon the trial of said appeal in the circuit court,
as it has been uniformly held that such constitutional
provision was designed only to secure the right of trial

by jury as it had theretofore been enjoyed in those tribu-
nals which exercised common law jurisdiction, and was
not intended to confer such right in any class of cases
where it had not formerly existed.   Nor was it intended
to introduce the jury system into those special summary
jurisdictions which were unknown to the common law.
*Ross* v. *Irving,* 14 Ill. 171; *Johnson* v. *Joliet and Chicago Rail-
road Co.* 23 id. 202; *Ward* v. *Farwell,* 97 id. 593.

As the statute does not provide for a jury trial in the
circuit court upon an appeal from the judgment of the
county court admitting, or refusing to admit, a will to
probate, and as the constitutional provision providing
for jury trials does not apply to a proceeding for the
probate of a will, it is clear the circuit court did not err
in disposing of the issues involved in said appeal with-
out the intervention of a jury.   Especially do we think
this conclusion correct in view of the fact that the stat-
ute provides that any person in interest, within one year
after the probate of a will in the county court, may con-
test, by bill in chancery, the validity of the will before
a jury in the circuit court of the county wherein the will
was proven and recorded.   In *Claussenius* v. *Claussenius,*
179 Ill. 545, on page 552 it was said:   "An appeal from a
judgment in such a proceeding admitting the will to pro-
bate has no effect to broaden the inquiry in the court to
which the appeal is taken nor to entitle the party to a
trial by jury.   Hence, upon the rendition of such a judg-
ment, parties having the requisite interest, if they desire
only to question the correctness of the ruling that the
will was admissible to probate, could do so by appeal.
But if a party so interested desired to broaden the inquiry
and challenge the mental capacity of the testator to exe-
cute the instrument, or show he was unduly and improp-
erly influenced to execute it, and to have such question
tried by a jury, he must resort to a bill in chancery."

It is further contended that the proofs admitted on
the hearing in the circuit court were not sufficient to jus-

tify that court in admitting the will to probate. The attesting witnesses testified to every fact and circumstance required by the statute to show the will was duly executed by the testator. The judge of the circuit court saw and heard them while testifying, and was in much better position than we to judge of the weight that should be given to their testimony. As said in the *Claussenius case*, if the appellant wished to broaden the inquiry and challenge the mental capacity of the testator to execute the instrument or show he was unduly and improperly influenced to execute it, he should have resorted to a bill in chancery, when he could have had those questions passed upon by a jury.

The judgment of the circuit court admitting the will to probate will be affirmed.          *Judgment affirmed.*