# WAINWRIGHT *v.* BARTLETT, Judge

No. 2809

November 17, 1928.                                    271 P. 689.

*E. W. Cheney, Talmage L. Smith,* and *Sardis Summerfield,* for Petitioner:

*Thatcher & Woodburn,* and *John D. Hoyt,* for Respondent:

## OPINION

*Per Curiam:*

This is an original proceeding in mandamus, brought to compel the Second judicial district court of the State of Nevada to reset a will contest for a second trial before a second jury. After filing the contest, the petitioner, contestant in the court below, requested a jury trial, which was granted, and the cause thereafter regularly tried and submitted. Two forms of general verdict were given to the jury, when it retired, together with three forms of special verdict. The special verdicts requested were as follows: (1) Was J. B. Wainwright of sound mind and disposing memory at the time the proposed will of May 5, 1926, was signed? (2) Did J. B. Wainwright, at the time of signing said proposed will,

have sufficient mental capacity to recollect those who were the natural objects of his bounty? (3) Was J. B. Wainwright acting under undue influence at the time the said proposed will of date May 5, 1926, was made? The jury returned in favor of respondent on the first and second questions and reported disagreement on the third. No general verdict was found. Thereafter, on motion of counsel for proponent of the will, the court made findings of fact and conclusions of law declaring Joseph B. Wainwright, deceased, to have been of sound and disposing mind at the time of the execution of the will, that he was then and at all times free from undue influence, and admitted the same to probate.

The return shows, and when the matter first came on for hearing in this court counsel for respondent contended, that counsel for petitioner made no motion for a resetting of the case before another jury until after the court had admitted the will for probate. It was then argued that by reason thereof petitioner had waived the right to a second jury trial. On a subsequent hearing for which the case was continued for the production of evidence as to this fact, the point was waived by counsel for respondent.

■ Petitioner contends that on his motion the court had no alternative than to set the case down for trial before another jury. While there are some cases to the contrary, it is well established by the great weight of better-reasoned authority that a party to a will contest is not entitled to have the issues raised concerning its validity tried by a jury unless the right is conferred by statute. The rule is stated in Bancroft's Probate Practice, vol. 1, sec. 198, as follows:

"A contest of a will and proceedings to revoke its probate are 'special proceedings.' In the absence of a statute providing for trial by jury, probate proceedings have always been heard by the court without the intervention of a jury. Only in those probate proceedings where the statute expressly confers a right to a trial by jury does the right exist. Proceedings to contest a

will are, moreover, in their nature equitable, and trial by jury of issues of fact therein is not a matter of right. The constitutional right to trial by jury safeguards only the right to trial according to the common law as it existed at the time the particular constitution was adopted. There is accordingly no constitutional right to jury trial in a will contest and only such right as statute may provide."

The following leading cases may be selected from the many affirming this generally recognized doctrine: In Re Dolbeer's Estate, 153 Cal. 652, 96 P. 266, 15 Ann. Cas. 207; Shaw v. Shaw, 28 S. D. 221, 133 N. W. 292, Ann. Cas. 1914B, 554; Stratton v. Rice, 66 Colo. 407, 181 P. 529; Matter of Clyne, 72 Misc. Rep. 593, 131 N. Y. S. 1090; Stevens v. Myers, 62 Or. 372, 121 P. 434, 126 P. 29; Parker v. Hamilton, 49 Okl. 693, 154 P. 65; Moody v. Found, 208 Ill. 78, 69 N. E. 831. See, also, 35 C. J. sec. 18, p. 151, and cases cited.

As said in Moody v. Found, supra:

"The jurisdiction to admit wills to probate has never been exercised by the common-law courts as a part of their common-law jurisdiction, but prior to the establishment of probate courts the ecclesiastical courts of England and the analogous courts of this country exercised that jurisdiction, and that jurisdiction, as now exercised by the county court of this state, is purely statutory, so that the constitutional provision that 'the right of trial by jury as heretofore enjoyed, shall remain inviolate,' did not confer upon the appellant the right to demand a jury upon the trial of said appeal in the circuit court, as it has been uniformly held that such constitutional provision was designed only to secure the right of trial by jury as it had theretofore been enjoyed in those tribunals which exercised common-law jurisdiction, and was not intended to confer such right in any class of cases where it had not formerly existed. Nor was it intended to introduce the jury system into those special summary jurisdictions which were unknown to the common law."

Counsel for petitioner insist that the right to a jury trial is conferred in our probate act, and cite the following provisions in support of their contention:

Section 5874 (Rev. Laws):

"If any person appears to contest the probate of a will, such person shall file a statement in writing, setting out the grounds of contest, and file the same with the clerk, which shall constitute a joinder of such issues of fact as may be alleged in opposition to the will, such as respects the competency of the deceased to make a last will and testament, or respecting the execution by the deceased of such last will and testament, under restraint, or undue influence, or fraudulent representations, or for any other cause affecting the validity of such will. And any and all issues of fact shall be tried as issues of facts are tried in other cases in the district court."

Section 6109 provides:

"All issues of fact in matters of an estate shall be disposed of in the same manner as is by law provided upon the trial of issues of fact in a common-law action. All questions of costs may be determined by the court, and execution may issue therefor in accordance with the order of the court."

Section 6138 provides:

"When not otherwise specially provided in this act all the provisions of law regulating proceedings in civil cases shall apply in matters of estate, when appropriate, or the same may be applied as auxiliary to the provisions of this act."

██ Stress is placed upon the provision in section 6109 for the trial of issues of fact as in a common-law action, and it is argued that this term must be taken to be meant in the sense of an action at common law in which a jury has always been allowed as a matter of right.

This provision must be harmonized, if possible, with other provisions of the act bearing upon the matter. If it cannot be harmonized, the provision, being general in nature, must, under a well-established canon of

construction, be controlled by specific provisions of the probate, act touching the same subject matter. In other words, the construction which petitioner seeks to give it must be considered as designed where not otherwise specially provided. As pointed out by respondent, there are a number of instances in the probate act where special provision is clearly made for the trial of an issue of fact by the court, such as appear in sections 29, 45, 51, 63, 141, 142, 219, 231, 232, and 243. These control general provisions. We also think that the proposed construction of section 6109 must yield before the special provisions of the act providing for will contests.

■ Section 5874, above quoted, which deals with will contests, provides in part as we have seen:

"Any and all issues of fact shall be tried as issues of facts are tried in other cases in the district court."

This does not necessarily mean a jury trial as a matter of right, for all issues of fact are not so triable.

This section and all others relied on by petitioner must be considered in connection with section 5876. To our minds this section makes it clear that the legislature intended no departure from the time-honored practice of making the court the final arbiter in will contests. It reads:

"If the court shall be satisfied upon the proof taken when heard by the court, or by the verdict of a jury, in case a jury trial is had, that the will was duly executed by a person at the time of sound and disposing mind, and not under restraint, undue influence or fraudulent representation, the court, by decree in writing, shall admit the will to probate, whereupon the will and the decree admitting it to probate shall be recorded together by the clerk in a book to be provided for that purpose."

■ This special provision is the only place in the probate act where a jury is mentioned. "Or by the verdict of a jury, in case a jury trial is had," is certainly not a luminous expression of an intention to grant a jury trial as a matter of right. "In case a jury trial is

demanded" would have been more appropriate to express such an intention. And the failure of the legislature to use this or other apt language denoting its purpose to effect a change so radical, considered in connection with the requirement that the court must in any event be satisfied that the will is entitled to be admitted to probate before it shall decree it to be so admitted, makes it quite certain that an advisory jury is meant. If it was intended to revolutionize the practice of centuries in regard to the trial of will contests, it is reasonable to suppose that the legislature would have used definite language to express such purpose. See Abel v. Hitt, 30 Nev. 93, 93 P. 227, in which Justice SWEENEY, after considering all of the statutes set out above, reached the same conclusion.

The petition is dismissed.