THE STATE, EX REL. KEAR, APPELLANT, *v.*
COURT OF COMMON PLEAS OF LUCAS COUNTY,
PROBATE DIVISION, JUDGE LUDEMAN, APPELLEE.

[Cite as State, ex rel. Kear, v. Court (1981),
67 Ohio St. 2d 189.]

(No. 80-1751—Decided July 15, 1981.)

*Messrs. Barkan & Robon, Mr. Marvin A. Robon* and *Mr. Larry W. Whiteleather,* for appellant.

*Hon. Willis E. Ludeman,* Judge, *pro se.*

PAUL W. BROWN, J. The sole issue before this court is whether a party to a will contest has a right to a jury trial. The Court of Appeals held that such party has neither a constitutional nor a statutory right to a jury trial in a will contest, and denied appellant's complaint for a writ of mandamus. For the reasons discussed below, we affirm the judgment of the Court of Appeals.

Prior to January 1, 1976, jurisdiction over a will contest was vested in the general division of the common pleas court of the county in which the will had been admitted to probate, pursuant to R. C. 2741.01 *et seq.* In 1976, the General Assembly repealed R. C. 2741.01 *et seq.* and enacted R. C. 2101.24(P) and R. C. 2107.71 through 2107.76. Under the new statutes, jurisdiction over will contests is vested in the Probate Court of the county in which the will has been admitted to probate.

Under the former statutory provision,[1] and its predecessors,[2] the General Assembly had mandated that will contest actions be tried to a jury. Both parties agree that no such mandatory language exists in R. C. 2107.71 through 2107.76. In fact, the only express mention of a jury trial in the new statutes is in R. C. 2107.75, which provides, in pertinent part, that: "When the jury or the court finds that the writing produced is not the last will and testament or codicil of the testator***."

Appellant contends that she has the statutory right to a jury trial in a will contest under R. C. 2107.72. That statute provides that: "The Rules of Civil Procedure govern all aspects of a will contest action, except as otherwise provided in sections 2107.01 to 2107.05 of the Revised Code." Because

---

[1] R. C. 2741.04 provided, in pertinent part, that:

"In an action under section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, *which issue shall be tried by a jury.***"* (Emphasis added.)

[2] The General Assembly first provided that a will contest be tried to a jury in the Act of February 26, 1824 (22 Ohio Laws 119, 123, Section 18).

R. C. 2107.01 through 2107.05 do not deal with the issue of jury trial, appellant asserts that Civ. R. 38 is applicable. Civ. R. 38 provides, in pertinent part, that:

"(A) The right to trial by jury shall be preserved to the parties inviolate.

"(B) Any party may demand a trial by jury on any issue *triable of right by a jury* by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue.***" (Emphasis added.)

In order to determine whether appellant is entitled to a jury trial under Civ. R. 38(B), it is necessary to determine first if the right to a jury trial in a will contest is an "issue triable of right by a jury."

Historically, probate matters belonged to the jurisdiction of the ecclesiastical courts, in which there was no right to a jury trial. *In re Estate of Dolbeer* (1908), 153 Cal. 652, 96 P. 266; *Moody* v. *Found* (1904), 208 Ill. 78, 69 N.E. 831. Because a will contest action was not such a cause of action as was determinable at common law by trial by jury, there exists no constitutional right to a jury trial in a will contest. *Wainwright* v. *Bartlett* (1928), 51 Nev. 170, 271 P. 689; *In re Estate of Dolbeer, supra; Moody* v. *Found, supra; Wright* v. *Fultz* (1894), 138 Ind. 594, 38 N.E. 175; *Wills* v. *Lochnane* (1873), 72 Ky. 547. Cf. *Belding* v. *State, ex rel. Heifner* (1929), 121 Ohio St. 393, wherein the court held, in paragraph one of the syllabus, that "Section 5 of Article I of the Constitution of Ohio only guarantees the right of trial by jury in those cases where it existed previous to its adoption."

Since there is no constitutional right to a jury trial in a will contest, the right cannot be one that is preserved to the parties inviolate under Civ. R. 38(A), nor is it one that is "triable of right by a jury" under Civ. R. 38(B).

With no constitutional right to a jury trial, appellant has only such right as is expressly provided by statute. *Wainwright* v. *Bartlett, supra.* However, when the General Assembly replaced R. C. 2741.01 *et seq.* with R. C. 2107.71 through 2107.76, it no longer provided for a statutory right to a jury trial in a will contest. Because there exists neither a constitutional nor a statutory right to a jury trial in a will contest,

a party no longer has the right to a jury trial. Instead, the Probate Court has discretion under R. C. 2101.31,[3] whether to sit as the trier of fact in a will contest or to impanel a jury.

Therefore, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES and MOYER, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment.

MOYER, J., of the Tenth Appellate District, sitting for C. BROWN, J.

---

[3] R. C. 2101.31 provides, in pertinent part, that:

"All questions of fact shall be determined by the probate judge, unless he orders them tried by a jury, or referred, as provided in sections 2101.06 and 2101.07, and sections 2315.26 to 2315.37, inclusive, of the Revised Code."