124 P.3d 550 (2005)
Amy CHEUNG, Petitioner,
v.
The EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, in and for the COUNTY OF CLARK, and the Honorable Jessie Walsh, District Judge, Respondents, and
Amber Schlauder, Real Party in Interest.
No. 42212.
Supreme Court of Nevada.
December 15, 2005.
*551 Bruce D. Schupp, Las Vegas, for Petitioner.
Ronald M. Pehr, Las Vegas, for Real Party in Interest.
Before the Court En Banc.

OPINION
HARDESTY, J.
In this original writ proceeding, we consider whether Nevada's Constitution includes a right to a jury trial in small claims court. We conclude that it does not and therefore issue a writ of mandamus directing the district court to vacate its order that reversed a small claims judgment and remanded the matter for a jury trial.

FACTS
Amber Schlauder and Amy Cheung were involved in a two-car accident. Cheung retained counsel and sued Schlauder, filing a small claims "Affidavit of Complaint" in the Las Vegas Township Justice Court. Cheung sought $5,000 for medical expenses.
Schlauder retained counsel and filed a motion to "remove" the case "from small claims court to justice's court," so that she could request a jury trial. A small claims referee *552 denied the motion, ruling that removal was not possible because "small claims court" and the justice court are the same court. The referee also found Schlauder liable for Cheung's medical expenses and court costs.
Schlauder then filed a jury trial demand, arguing that she had a constitutional right to a jury trial to test the legitimacy of Cheung's medical expenses. The justice of the peace rejected Schlauder's argument, reviewed Cheung's medical bills and a letter from Cheung's treating physician, and awarded Cheung $5,000 and court costs after Schlauder admitted liability.
Schlauder subsequently appealed to the district court, which reversed the judgment and remanded the case for a jury trial, reasoning that Schlauder had a constitutional right to trial by jury. Cheung then filed in this court the instant petition for a writ of mandamus or prohibition, arguing that no constitutional right to a jury trial exists in a small claims action. Schlauder answered the petition.

DISCUSSION
A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an "office, trust or station"[1] or to control an arbitrary or capricious exercise of discretion.[2] A writ of prohibition, on the other hand, is available to ensure that a district court operates within its jurisdiction.[3]
As a writ petition seeks an extraordinary remedy, we will exercise our discretion to consider such a petition only when there is no "plain, speedy and adequate remedy in the ordinary course of law"[4] or there are either urgent circumstances or important legal issues that need clarification in order to promote judicial economy and administration.[5] Here, Cheung cannot appeal from the district court's order,[6] and whether there exists a right to a jury trial in a small claims action is an issue of first impression that impacts judicial economy and administration. Consequently, the writ petition warrants our consideration.
As recognized by the Justice Court Rules of Civil Procedure (JCRCP), small claims trials are intended to be "informal, with the sole object of dispensing fair and speedy justice between the parties."[7] Not surprisingly then, no court rule authorizes a jury trial in a small claims action. There are also no formal pleadings or discovery mechanisms. Similarly, Title 6 of the Nevada Revised Statutes, which also governs justice court procedure, contains no provision for a jury trial in a small claims action.[8]
Preliminarily, we note that the lack of a statutory or rule-based mechanism for obtaining a jury trial does not impact a plaintiff. Any jury trial rights held by a plaintiff are not infringed by a bench trial in a small claims action because the plaintiff could have pursued recovery from a jury in a justice court civil action.[9] But a small claims defendant *553 has no similar election by way of removal to another court, transfer to a different docket, or appeal to the district court.[10] Consequently, we focus on whether a small claims defendant has a constitutional jury trial right.
The Nevada Constitution guarantees the right to trial by jury and that the jury trial right shall remain inviolate forever.[11] The jury trial right, however, applies as it did under the common law in existence at the adoption of the Nevada Constitution in 1864.[12] As this court, in Aftercare of Clark County v. Justice Court, recently clarified, "Nevada's jury trial right is defined by English common law as modified at the time of the Nevada Constitution's adoption."[13] This court further observed that the phrase "shall remain inviolate" means "to perpetuate the jury trial right as it was understood when the Nevada Constitution was adopted."[14] Therefore, the right to a jury trial is a purely historical question, to be determined like any other social, political, or legal fact.[15]
When reviewing the historical aspects of jury trial rights, "most states look to the jury trial practice in their own territory or colony before statehood, in addition to the English practice, recognizing that the course of the common law may have been modified by territorial or colonial statute."[16] This court adopted a broader approach in Aftercare, concluding that "Nevada's jury trial right is based on an 1864 version of the English common law as statutorily modified in this country."[17] Based on an examination of the common law's history at the time of the adoption of the Nevada Constitution, this court concluded in Aftercare "that the Nevada constitutional guaranty of trial by jury covers justice's court civil actions even when small amounts are in controversy."[18] The Aftercare court noted, however, that a different conclusion may be warranted in small claims actions.[19]
In reaching its decision, the Aftercare court made four observations about the right to a jury trial in justice court at the time of the founding of our great state. First, in 1861, Nevada's territorial legislature mandated jury trials in justice court for factual issues, without regard to any minimum monetary threshold.[20] Second, the omission of a threshold in our State Constitution was not for lack of a model, given that the United States Constitution's Seventh Amendment and Utah's territorial laws impressed a twenty-dollar minimum threshold.[21] Third, during the Nevada constitutional convention, the right to a jury trial in justice court seemed to *554 be an unchallenged assumption.[22] And fourth, two states prominent during Nevada's development, California and New York, also allowed justice court jury trials without regard to a minimum monetary threshold.[23] None of these observations, however, provide support for extending the right to a jury trial to small claims actions.
Applying the historical test adopted in Aftercare, we note at the outset that the English common law, as statutorily modified in this country in 1864, provided for juryless small claims tribunals.[24] In England, "actions for small demands were triable before certain officers having a limited jurisdiction, without a jury."[25] The colonies of Massachusetts and New Jersey, for example, provided for juryless small claims tribunals for both the plaintiff and the defendant.[26]
And in Nevada, there is a fundamental difference between a justice court civil action, existent at the time of statehood, and small claims court, which was created almost sixty years after the adoption of the Nevada Constitution. Established by our Legislature in 1923,[27] the small claims court required then, as it still does today, that claims be under a monetary threshold.[28] Although justices of the peace are designated by the Legislature to preside over small claims court, in addition to justice court actions, small claims trials are intended to be "informal, with the sole object of dispensing fair and speedy justice between the parties."[29] To that end, in small claims court a party is not permitted to conduct depositions or other discovery;[30] neither party may obtain attorney fees;[31] the plaintiff may not seek any prejudgment collection;[32] the proceedings are summary, excusing strict evidence rules;[33] and the collection of any judgment may be deferred and otherwise determined by the justice of the peace.[34]
Thus, the first and second observations made by the court in Aftercare, that a minimum monetary threshold was not historically required for a jury trial in justice court actions, is inapplicable to small claims court. Summary small claims actions like those established in 1923 simply did not exist in Nevada in 1864 and thus were not considered during the adoption of the State Constitution.[35]
The third observation in Aftercare, that the delegates simply assumed that the right to a jury trial existed in justice court actions, can be distinguished from small claims actions because that summary procedure was not considered by the delegates as part of the justice court system at the time of the constitutional convention. The delegates to the constitutional convention in 1864 did not discuss jurisdictional monetary threshold for justice court actions in the context of one's right to a jury trial in justice court. Rather, the delegates debated excluding from the jurisdiction of the justice court claims involving title to real property. The removal of the proposed monetary threshold was in response to the concern of some delegates that real property may increase in value, rendering any minimum limit ineffective for jurisdictional purposes. We should, therefore, recognize the intent of our founders, at the time of the ratification of the Nevada Constitution, with regard to the right to a jury trial *555 in justice court. Their decision to omit any monetary threshold was based on concerns relating to the jurisdiction of the justice courts in civil actions, not on broadening jury trial rights.
Finally, the fourth observation in Aftercare, that California allowed justice court jury trials without imposing a monetary minimum, cannot logically be applied to the question of whether Nevada's jury trial right extends to small claims actions. California, however, has rejected jury trial rights in small claims court.[36] In considering jury trial rights in small claims court under a constitutional provision similar to Nevada's, the California Supreme Court was persuaded by the Iowa Supreme Court, which concluded, "If the basic Iowa law is rooted in English common law, then the constitutional direction that `the right of trial by jury shall remain inviolate' carries with it the common-law concept that minor claims may be adjudicated without a jury."[37]
The United States Supreme Court has stated, "It never could be the intention of the constitution to tie up the hands of the legislature, so that no change of jurisdiction could be made, and no regulation even of the right of trial by jury could be had."[38] Given the historical examination of our Constitution, we hold that courts added to the governmental and judicial structure after the Constitution's ratification in 1864 do not implicate the right to jury trials absent specific legislative enumeration. As prominent commentators have recognized, creating a juryless tribunal to resolve minor monetary claims using unique procedures is solely within the legislature's prerogative.[39] In those tribunals, the right to a trial by jury is to be regulated by legislation.[40]
Finally, we point out that this conclusion simply makes sense in light of other proceedings within the justice system. As the dissent in Aftercare noted,[41] in criminal cases where the Sixth Amendment of the United States Constitution applies to state courts,[42] the right to a trial by jury depends on whether the offense is characterized as "petty" or "serious."[43] And "the United States Supreme Court has increasingly relied upon the objective criterion of the maximum possible penalty in deciding whether to characterize an offense as `petty' or `serious.'"[44] That Court has concluded that when the maximum authorized prison term for an offense does not exceed six months, the defendant is not entitled to a jury trial.[45] According to the Supreme Court, "the disadvantages of such a sentence, `onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.'"[46]
Analogous to the criminal distinction between "petty" and "serious" offenses, the Nevada Legislature established, by the enactment of NRS 73.010, the amount for "small claims" civil actions where "the amount claimed does not exceed $5,000." This limitation, distinguishing actions with jury trial rights from those without such rights, is based on an objective criterion. To conclude otherwise would mean that in Nevada a defendant sued for one dollar has a *556 right to a jury trial, but a citizen who could be incarcerated for up to six months in jail does not. It would be unreasonable to suggest that the founders of our Constitution intended such an imbalance to exist within Nevada's justice system. Given the historical debate in this case, we conclude our Constitution should not be read to deny citizens the right to similarly speedy and less expensive trials in small claims civil cases.

CONCLUSION
Historically, there is a distinct difference between justice court and small claims court, and this difference is found in the sole reason for small claims courts' existence: to provide an avenue for speedy and effective remedies in civil actions involving minimal sums. Like specialized courts under the common law, historically, Nevada small claims court law demands a party be able to bring his case to justice quickly and affordably. Therefore, we hold that a jury trial right does not exist under our Constitution in actions filed in small claims court. Accordingly, we grant this petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order reversing the small claims judgment and remanding the matter for a jury trial.
GIBBONS and PARRAGUIRRE, JJ., concur.
BECKER, C.J., concurring.
Although I concur in the majority opinion's holding that a jury trial is not required in small claims proceedings, I write separately to address my reasons for distinguishing this case from our decision in Aftercare of Clark County v. Justice Court.[1]
In Aftercare, we addressed whether a local justice court policy violated Article 1, Section 3 of the Nevada Constitution. We concluded that it did and that the Nevada Constitution guaranteed a right to trial by jury in justice court civil actions regardless of the amount in controversy.[2] We specifically reserved for another day the applicability of the constitutional provision to legislatively created small claims proceedings.
We are now asked to determine whether litigants in a small claims proceeding are entitled to a jury trial, either initially or on appeal, in a trial de novo. I conclude that they are not and that the framers of the Nevada Constitution did not contemplate otherwise.
There is a distinction between a formal civil action and an informal small claims proceeding, and this distinction was recognized at common law, both in England and the United States, before the Nevada Constitution was adopted in 1864.[3] Civil actions were tried before juries; small claims proceedings were not.[4] The distinction developed to permit individuals to litigate, in an informal manner, legal disputes involving comparatively small sums of money without the necessity of incurring significant legal expenses.[5]
I distinguish this case from Aftercare on four primary grounds: (1) the records of Nevada's constitutional debates, (2) the history of small claims proceedings in England and the United States, (3) the California Supreme Court's interpretation of an identical jury trial provision in the California Constitution, and (4) the 1978 amendments to the judicial article of the Nevada Constitution.
Beginning with our constitutional debates, the drafters of the Nevada Constitution envisioned that English common law, as modified by the practices in the United States at the time of the adoption of the Constitution in 1864 or by express language in the Constitution itself, controlled the right to a jury trial. This has also been the rule of construction used in interpreting the Nevada Constitution.[6]
*557 The representatives to Nevada's constitutional convention were familiar with the common-law history of a civil jury trial.[7]
The objection suggested by the gentleman from Washoe arises, possibly, from the difficulty of determining what constitutes a jury. Under the Constitution of the United States, and under the Constitutions of most of the States  probably every State in the Union where the right of trial by jury is provided for ... resort must be had for construction to what is understood by the common law right of jury trial.... [I]t would be necessary, under a constitutional provision simply declaring that the right of trial by jury shall remain inviolate, that resort should be had to that common law rule in order to ascertain and determine what number constitutes a jury.[8]
Our constitutional drafters clearly intended that the right to a jury trial be interpreted with reference to common law, and jury trials did not exist under common law for small claims cases.
In addition, when they intended to depart from the common law, the drafters included express language to that effect in Nevada's Constitution.[9] Indeed, many of the representatives argued against the adoption of a three-fourth's majority vote for verdicts in civil cases because it was a radical departure from common law.[10] If the framers intended to further depart from common law by prohibiting final nonjury adjudications via small claims proceedings, the Constitution would have addressed this issue.
Finally, the delegates who drafted Nevada's Constitution were concerned with preserving a system that afforded litigants an informal, cost-effective method of handling small claims. In debating why justice court jurisdiction should not include title to real property, Mr. Charles E. DeLong stated:
Justices' Courts are not Courts of Record; they are courts instituted for the trial of cases involving small sums of money, or damages in small amounts, and their proceedings are not surrounded with that degree of dignity and solemnity which causes the judgments of a court to be referred to subsequently for the matters determined therein. It is a court where the pleadings need not be made in writing, where the allegations and answers may be stated orally, and not placed on any record, and where nearly all the formalities which are observed in the higher courts may be dispensed with.[11]
Mr. DeLong then expressed his objections to expanding either the monetary jurisdiction of the justice courts or their substantive jurisdiction because he feared justices of the peace might not have the requisite learning to handle more complex cases.[12] His remarks do not clarify what practices existed in the territorial courts or refute the general proposition that jury trials were not granted in small claims proceedings.
Although delegate Lloyd Frizell commented that people would have a right to a jury trial in all cases,[13] his comments are at odds with statements of other delegates and the territorial statutes. For example, delegate John A. Collins indicated that juries would not try certain cases:
I see no reason why, if a justice is capable of deciding in an action of assumpsit, he may not also take the testimony and balance evenly the scales of justice in an action of this kind. If he can decide justly *558 between man and man in the one case, he can in the other.[14]
Of course one can argue that by not including a monetary threshold, especially given the existing example of the United States Constitution's twenty-dollar limit, the drafters intended that parties have some method of obtaining a jury trial at some stage of a small claims case. But the debates do not support such a conclusion, and one can equally argue that the framers intended no greater right than those granted under the United States Constitution. In light of the drafters' concern for preserving informal and cost-effective methods of resolving monetarily small disputes, I submit a more harmonious reading is to require jury trials only in civil actions, which are already more complex and subject to additional costs and fees.
The long history of small claims proceedings at common law supports the conclusion that jury trials are not required in any stage of small claims proceedings. In the mid-1800s, the threshold for juryless trials in England was five pounds.[15] Moreover, England recognized a distinction between formal actions and informal small claims proceedings.[16] A plaintiff, by choosing the forum, also chose whether the claim would be litigated before a judge or a jury.[17] The United States Constitution limited jury trials in civil cases to controversies exceeding twenty dollars.[18]
It is undisputed that, under English common law in 1864, cases involving small monetary claims were tried by judges in informal, inexpensive proceedings.[19] Thus, absent a clear indication that American common law departed from that practice, Nevada's jury trial provision would not require juries in small claims special proceedings. A review of American practice in 1864 reveals no clear evidence of a national departure from English common law on this issue.
While Aftercare contains some language suggesting that territorial law altered English common law,[20] monetary thresholds for jury trials and small claims proceedings are not discussed in the territorial laws. In fact, the territorial legislature stated that "[t]he Common Law of England, so far as it is not repugnant to, or inconsistent with the Constitution or Laws of the United States, or the Laws of the Territory of Nevada, shall be the rule of decision in all Courts of this Territory."[21]
The territorial statutes governing jury trials discussed in Aftercare[22] established the procedures for demanding and conducting jury trials but did not grant a right to trial. In addition, many of the sections appear to apply to more formal civil actions, not informal small claim type proceedings. For example, section 155, which states that a jury decides issues of fact unless waived,[23] is not found in the section governing civil proceedings in justice courts.[24] Instead, it falls amongst provisions that apply to civil actions in district, not justice, courts. Thus, it is unclear whether section 155 was intended to apply to all courts and proceedings or just civil actions.
Moreover, other sections of the territorial laws permitted a judge, not a jury, to decide issues of fact.[25] In addition, a judge could appoint a referee to hear and decide all issues of fact in certain cases.[26] I recognize that the actions where a judge, not a jury, *559 tried issues of fact under the territorial laws appear to involve rights sounding in equity and the common-law rule prohibiting jury trials in equitable actions,[27] rather than small claims proceedings. Nevertheless, the presence of provisions permitting judges to try issues of fact emphasizes that nonjury trials were recognized as part of American common-law practice in 1864.
There appears to be no equivalent in the territorial laws to our modern small claims proceeding. Actions involving claims for money could be commenced formally in writing or informally upon an oral statement.[28] Beyond this, however, it appears that the rest of the case would be tried as though a written complaint had been filed. It is unclear whether the statutes required a jury trial, unless waived, in oral pleading cases. A demand could certainly be filed, but we do not know if such demands were stricken in cases involving less than twenty dollars because a jury trial would not be required under the Seventh Amendment to the Federal Constitution, which governed right to a jury trial in the federal territories.
Based upon the history of small claims proceedings in England and the United States as well as the provisions of the territorial laws relating to trial of civil action cases, I conclude that the framers of the Nevada Constitution did not contemplate eliminating the jury trial distinction between civil actions and small claims proceedings, and the Legislature was free to create a nonjury small claims trial and appellate proceedings without violating the Nevada Constitution.
In addition to the history of small claims proceedings, another rule of constitutional construction is helpful in resolving this issue. When a constitutional provision or statute is taken from another state, we look to the construction given that provision by the originating state when construing the Nevada equivalent provision.[29]
Nevada's Constitution, particularly its judicial articles, were taken nearly word for word from the California Constitution.[30] California's constitutional jury trial provision is identical to Nevada's.[31] We therefore look to California case law interpreting California's Constitution when construing Nevada's identical constitutional provisions.
The California Supreme Court has stated that the California Constitution "preserves the right to a jury in those actions in which there was a right to a jury trial at common law at the time the Constitution was first adopted."[32] When considering whether the California Constitution prohibited the California Legislature or courts from creating a nonjury small claims procedure, including no method for obtaining a jury trial through trial de novo or transfer to another docket, the California Supreme Court in Crouchman v. Superior Court concluded,
The principle established by the English common law as it existed in 1850 was that small claims, as legislatively defined within limits reasonably related to the value of money and the cost of litigation in the contemporary economy, were to be resolved expeditiously, without a jury and without recourse to appeal.
. . . .
... [W]e conclude that [defendant] has neither a constitutional nor a statutory right to jury trial in this proceeding.[33]
In reaching its conclusion, the court also referenced section 592 of the California Code of Civil Procedure, which provided that "an issue of fact must be tried by a jury."[34] This language is nearly identical to the Nevada *560 territorial statutes relied upon in Aftercare.[35] The California court concluded that such statutes were not intended to create jury trial rights beyond those established at common law.[36]
Given that Nevada's constitutional drafters were so heavily influenced by practices and procedures in California and the California Constitution, I agree with the majority's application of Crouchman to our construction of Nevada's jury trial provision. The creation of a small claims proceeding that does not provide for a jury trial, either through a trial de novo or some method of transfer to a civil docket, does not violate Nevada's Constitution.
In addition to the reasons set forth above, I believe that the court should also consider the 1978 amendments to Nevada's Constitution. In 1978, the voters approved amendments that eliminated the three hundred dollar monetary cap and increased substantive jurisdictional limits for justice courts. In approving the measure for submission to the voters, the Legislature expressed its desire to provide expanded jurisdiction in justice courts for small dollar amount cases.[37] The primary argument presented to voters in favor of passage stated that:
Passage of this proposed constitutional amendment would remove the $300 maximum limit of jurisdiction for Nevada's justice courts and permit the legislature to adjust the limits as changing times may require. On the assumption that the legislature would raise this limit, established in 1864, to a realistic and modern figure, more matters could be heard at the less formal and less expensive level of the peoples' court.[38]
Nonjury small claims proceedings had existed in justice courts since 1923. The Legislature and the voters in 1978 intended to preserve this forum, while giving the Legislature greater flexibility to adjust justice court jurisdiction. The statement is consistent with common-law practice in 1864, utilizing less expensive, informal nonjury proceedings to resolve small claim civil disputes.
For the reasons cited herein, I conclude that the Nevada Constitution does not require jury trials in small claims actions, either initially, on trial de novo or through some type of docket transfer. There is nothing inconsistent with treating justice court civil actions differently from small claims proceedings  this is the issue specifically left undecided in Aftercare. I concur with the majority that the trial court acted improperly in ordering the justice of the peace to conduct a jury trial in a small claims action and would grant the petition.[39]
ROSE, J., with whom DOUGLAS, J., agrees, dissenting.
The majority opinion has fashioned a result that appears to be both a practical and politically popular solution. Unfortunately, it completely fails to recognize the Nevada Constitution's unqualified guaranty that "the right of trial by Jury shall be secured to all."[1] The concurring justice who signed the Aftercare decision over a year and a half ago with not so much as a murmur of dissent now reaches the opposite conclusion even though both cases involve court procedures in justice courts. Since the majority and concurring opinions seriously erode our holding in Aftercare and do not recognize the right to a jury trial in a justice court proceeding, I dissent.
The Nevada Constitution guarantees the right to a jury trial and states that the right shall always remain inviolate,[2] but the majority opinion concludes that the small claims *561 procedure created in 1923 by statute is really a new court unknown to the founding fathers and, therefore, it is not encumbered by the constitutional directive. This reasoning is wrong for three reasons. First, the Nevada Constitution's guaranty of a jury trial is not qualified  it does not read, "the right to a jury trial shall be secured to all, except for minor matters handled by a small claims court." Second, the type of actions now processed in small claims courts existed when the Nevada Constitution was adopted and were processed as minor cases in justice court. The creation of a small claims process does not mean that those cases did not exist at the time of Nevada's statehood.
And third, the small claims procedure is part of our justice courts, and justice courts are created and bound by the Nevada Constitution. The small claims procedure authorized in 1923 is an informal process to be used in justice courts and handled by justices of the peace. The small claims procedure exists today primarily in the Justice Court Rules of Civil Procedure,[3] but certain provisions of the procedure are located in Title 6 of the Nevada law, entitled "Justices' Courts and Civil Procedure Therein." Title 6 states that "[i]n all cases arising in the justice's court" where the amount is not in excess of $5,000, the "justice of the peace" may adopt an abbreviated procedure commonly referred to as a small claims court.[4] Nothing could be more clear  the small claims procedure is part of justice court, yet the majority opinion concludes that small claims court is "different" and that the 1923 statute trumps the unqualified constitutional guaranty of the right to a jury trial.
The majority opinion baldly declares that "[g]iven the historical examination of our Constitution, we hold that courts added to the governmental and judicial structure after the Constitution's ratification in 1864 do not implicate the right to jury trials absent specific legislative enumeration." This reasoning would mean that if the Legislature creates a construction defect process to be handled by district court judges without specifically stating that parties in those cases have a right to a jury trial, no right to a jury trial exists. Surely the majority opinion does not mean to give the Legislature the right to determine if a citizen gets a jury trial when that unqualified right is given to all citizens by the Nevada Constitution. But just when you conclude that they can't possibly mean that, the majority unequivocally states that "the right to a trial by jury is to be regulated by legislation," not guaranteed by the Nevada Constitution.
In fact, Article 6, Section 1 of the Nevada Constitution expressly provides that "[t]he Judicial power of this State shall be vested in a court system, comprising a Supreme Court, District Courts, and Justices of the Peace." This provision goes on to state that "[t]he Legislature may also establish, as part of the system, Courts for municipal purposes only in incorporated cities and towns." This constitutional provision does not allow the Legislature to create any other types of courts. The creation of small claims courts in justice court was either the addition of an informal process to settle minor complaints or was the illegal creation of a court outside that permitted by the Nevada Constitution. Obviously, the answer is the former.
In Aftercare, a five-justice majority concluded "that the Nevada constitutional guaranty of trial by jury covers justice court civil actions even when small amounts are in controversy."[5] Even though we did not expressly hold that this included cases involving small amounts of money in the small claims procedure, that conclusion seemed almost inescapable. But the majority and concurring opinions, while leaving intact the final result reached in Aftercare, now attack the very basis for that decision. The majority and concurring opinions now make a fundamentally different choice in analysis than we did in the Aftercare decision. In Aftercare, we explained that "Nevada's jury trial right is based on an 1864 version of the English common law as statutorily modified *562 in this country."[6] By 1864, a number of states had statutorily conferred jury trial rights on small claims participants.[7] The majority fails to acknowledge this and instead relies on California and Iowa cases that take a different approach: these courts define the jury trial right based solely on the English common law.
Our Aftercare decision also pointed out that Nevada's territorial legislature crafted a jury trial guaranty without any minimum monetary threshold and that this absolute jury trial guaranty emerged from the Constitutional Convention of 1864 unchanged.[8]Aftercare clearly directed that when we interpret Nevada's jury trial right, we are to interpret the right with regard to English common law, as modified at the time of the Nevada Constitution's adoption.[9] The concurring justice pays mere lip service to this mandate but then dives into a lengthy discussion of early English common law as modified by states that have a much different historical development than Nevada.
In Aftercare, we stated that when states construe the jury trial right, "most states look to the jury trial practice in their own territory or colony prior to statehood."[10] We also acknowledged that Nevada's case law had previously favored a slightly more expansive approach, but Aftercare was primarily guided by Nevada's jury trial practice as designed by our territorial legislature. In Nevada, our territorial legislature removed any monetary threshold for the jury trial right, and, as the concurring justice appropriately points out, "[t]here appears to be no equivalent in the territorial laws to our modern small claims proceeding." Thus, contrary to many other states,[11] Nevada did not historically distinguish small claims actions by requiring that they be adjudicated in jury-less proceedings. Therefore, our constitutional provision giving an unqualified right to a jury trial is not dependent upon whether the case arises as a justice court civil action or a small claims action. And, citing to states where the distinction between small claims actions and other types of actions was recognized at inception and where monetary thresholds were established for a jury trial right expressly rejects the distinction made in Aftercare.
Finally, the concurrence concludes that we should be influenced by the 1978 amendments to Nevada's Constitution. It states that because nonjury small claims proceedings had existed in justice courts since 1923, it was the intent of the Legislature and the voters to preserve this forum. However, one key fact is forgotten  that in 1978 all justice court actions, not just small claims proceedings, were nonjury actions. The constitutional right to a jury trial in justice court was not enforced until some twenty-six years later, in Aftercare. Thus, the 1978 amendments do not support the position taken today by our concurring justice. Where this leaves our decision in Aftercare is anyone's guess, but it does appear that Aftercare has been overruled sub silentio.
One final point must be made regarding the result produced today by the majority and that reached in Aftercare over a year ago. The majority and concurring opinions have now created a situation where a plaintiff in justice court with a claim under $5,000 can elect to file the action on the justice court civil docket and request a jury trial pursuant to Aftercare. But a defendant sued in a small claims proceeding in the very same type of action in justice court has no such right to demand a jury trial. This results in *563 treating a plaintiff and a defendant unequally, providing one with the election to have a jury trial and the other without. The United States and Nevada Constitutions require equal protection under the law for all parties,[12] and this appears to be a blatant violation of those constitutional clauses.[13]
The majority opinion ignores two fundamental legal concepts: the difference between a constitutional provision and a statute, and that the creation of a small claims process to be handled by justice courts was not the creation of a new court, but rather the authorization of the use of an informal process in justice court for cases under $5,000. While the majority opinion opines that there is a difference between a justice court civil action and small claims court, we do know that they are both part of the justice courts and that justice courts, whatever the specific court dockets or procedures within them, are subject to the Nevada Constitution. The majority opinion has reached a pragmatic result, but ignores the Nevada Constitution in the process.
I dissent for the reasons stated.
DOUGLAS, J., concur.
MAUPIN, J., dissenting.
I join Justice Rose in his dissent. I write separately to address a comment made by the Chief Justice in her separate concurrence with the majority. The concurrence concludes that the framers of the Nevada Constitution did not intend to grant jury trials in small claims cases. That is so. The Legislature did not create the small claims division of justice courts until over one-half century following statehood. The framers must be forgiven for such a lack of prescience. But, as stated in Aftercare of Clark County v. Justice Court.,[1] the framers clearly intended to hold the right to jury trial inviolate in justice court matters involving claims for money damages. And because small claims actions are justice court actions, tried by justices of the peace, such actions are subject to this constitutional right. Yes, small claims court did not exist at statehood. The subsequent creation of small claims courts as a division of justice courts cannot circumvent the Constitution.
Only the people of this state may change the Nevada Constitution. The majority today has usurped this critical prerogative.
NOTES
[1] NRS 34.160.
[2] See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).
[3] NRS 34.320.
[4] NRS 34.170; NRS 34.330.
[5] State, Div. Child & Fam. Servs. v. Dist. Ct., 120 Nev. 445, 449, 92 P.3d 1239, 1242 (2004).
[6] Nev. Const. art. 6, § 6; Lippis v. Peters, 112 Nev. 1008, 1010-11, 921 P.2d 1248, 1249-50 (1996).
[7] JCRCP 96. See generally Nancy M. King, Annotation, Small Claims: Jury Trial Rights in, and on Appeal From, Small Claims Court Proceeding, 70 A.L.R.4th 1119, 1121 (1989) ("[T]he basic purpose of small claims courts is to provide a less costly and protracted summary procedure for the litigation of claims not exceeding a specified, relatively low maximum amount. Thus, certain legal technicalities which may encumber an ordinary proceeding are generally dispensed with in a small claims proceeding.").
[8] Compare NRS ch. 67 (trial by jury), with NRS ch. 73 (small claims).
[9] Aftercare of Clark County v. Justice Ct., 120 Nev. 1, 4, 82 P.3d 931, 932 (2004); see also State ex rel. McCool v. Small Claims Court, 12 Wash.App. 799, 532 P.2d 1191, 1194 (1975) (stating that a small claims plaintiff "waives the [jury trial] right by his choice of the forum"); Legislation, Small Claims Courts, 34 Colum. L.Rev. 932, 939-40 (1934); Comment, Courts: Jurisdiction of Small-Claims Courts, 11 Cal. L.Rev. 276, 279 (1923); e.g., Robb v. Matthews Buick-Pontiac, Inc., 516 N.E.2d 1110 (Ind.Ct.App.1987).
[10] See, e.g., JCRCP 76A (stating that "[a] case appealed must not be tried anew").
[11] Nev. Const. art. 1, § 3.
[12] E.g., Hudson v. City of Las Vegas, 81 Nev. 677, 409 P.2d 245 (1965); Wainwright v. Bartlett, Judge, 51 Nev. 170, 271 P. 689 (1928).
[13] 120 Nev. 1, 4, 82 P.3d 931, 932 (2004).
[14] Id. at 6, 82 P.3d at 933.
[15] Crouchman v. Superior Court, 45 Cal.3d 1167, 248 Cal.Rptr. 626, 755 P.2d 1075, 1078 (1988).
[16] Aftercare, 120 Nev. at 5, 82 P.3d at 933; accord Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 130-33 (1987); Kirkland v. Blaine County Medical Center, 134 Idaho 464, 4 P.3d 1115, 1118 (2000); People ex rel. Daley v. Joyce, 126 Ill.2d 209, 127 Ill.Dec. 791, 533 N.E.2d 873, 878 (1988); Ela v. Pelletier, 495 A.2d 1225, 1228 (Me.1985); Bell v. State, 104 Neb. 203, 176 N.W. 544, 544 (1920); Gonzales v. Lopez, 132 N.M. 558, 52 P.3d 418, 422 (Ct.App.2002); Unemployment Comp. Com'n v. J.M. Willis B. & B. Shop, 219 N.C. 709, 15 S.E.2d 4, 7 (1941); Greist v. Phillips, 322 Or. 281, 906 P.2d 789, 796-97 (1995); White v. White, 108 Tex. 570, 196 S.W. 508, 512 (1917); Sofie v. Fibreboard Corp., 112 Wash.2d 636, 771 P.2d 711, 718 (1989). But see Keeter v. State, 82 Okla. 89, 198 P. 866, 872 (1921) (declaring that Oklahoma's jury trial right "was not predicated upon the statutes existing in the territory at [the time of the Oklahoma Constitution's adoption], but upon the right of the citizen, as the same was guaranteed under the federal Constitution and according to the course of the common law").
[17] Aftercare, 120 Nev. at 5, 82 P.3d at 933.
[18] Id. at 8, 82 P.3d at 935.
[19] Id.
[20] Id. at 6, 82 P.3d at 934.
[21] Id.
[22] Id.
[23] Id. at 7-8, 82 P.3d at 935.
[24] See Roscoe Pound, Organization of Courts 47-52 (1940).
[25] John Proffatt, A Treatise on Trial by Jury § 99, at 142 (1877), quoted in Wings of the World v. Small Claims Court, 97 Wash.App. 803, 987 P.2d 642, 644 (1999).
[26] Pound, supra note 24, at 30-32, 41-42, and 43-46.
[27] 1923 Nev. Stat., ch. 149, § 1, at 260-64 (approving a small claims court in Nevada).
[28] NRS 73.010.
[29] JCRCP 96.
[30] JCRCP 92; JCRCP 95.
[31] NRS 73.040.
[32] NRS 73.020.
[33] JCRCP 96.
[34] JCRCP 97.
[35] See 1861 Nev. Laws, ch. 103, § 527, at 404; id. §§ 648-50, at 424.
[36] Crouchman v. Superior Court, 45 Cal.3d 1167, 248 Cal.Rptr. 626, 755 P.2d 1075, 1077 (1988).
[37] Iowa Nat. Mut. Ins. Co. v. Mitchell, 305 N.W.2d 724, 727 (Iowa 1981), cited with approval in Crouchman, 755 P.2d at 1080.
[38] Capital Traction Company v. Hof, 174 U.S. 1, 27, 19 S.Ct. 580, 43 L.Ed. 873 (1899).
[39] See Barrett, supra note 16, at 159.
[40] O'Banion v. Simpson, 44 Nev. 188, 193, 191 P. 1083, 1084 (1920).
[41] 120 Nev. at 12, 82 P.3d at 938 (Gibbons, J., dissenting).
[42] Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 633, 748 P.2d 494, 500 (1987), aff'd sub nom. Blanton v. North Las Vegas, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989).
[43] State v. Smith, 99 Nev. 806, 809, 672 P.2d 631, 633 (1983).
[44] Id.
[45] Blanton, 489 U.S. at 542, 109 S.Ct. 1289 (citing Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (plurality opinion)).
[46] Id. (quoting Baldwin, 399 U.S. at 73, 90 S.Ct. 1886 (plurality opinion)).
[1] 120 Nev. 1, 82 P.3d 931 (2004).
[2] Id. at 8, 82 P.3d at 935.
[3] Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 129 (1987).
[4] Id. at 142-44.
[5] Id. at 144.
[6] Aftercare, 120 Nev. at 4, 82 P.3d at 932.
[7] Debates of Proceedings of the Nevada State Constitutional Convention of 1864, at 57, 198 (Andrew J. Marsh off. rep., 1866) [hereinafter Report of the Debates] (statements of delegates Cornelius M. Brosnan and J. Neely Johnson).
[8] Id. at 198 (statement of delegate J. Neely Johnson).
[9] Id. at 53-58 (debate regarding departure from common-law rule for unanimous verdicts in civil cases to new rule of three-fourth's majority verdict).
[10] Id.
[11] Id. at 679-70.
[12] Id. at 680.
[13] Id. at 684.
[14] Id. at 683.
[15] 1 Sir William Holdsworth, A History of English Law 192 (7th ed.1956); Barrett, supra note 3, at 143.
[16] Barrett, supra note 3, at 154.
[17] Id.
[18] U.S. Const. amend. VII.
[19] Holdsworth, supra note 15, at 186-87.
[20] Aftercare, 120 Nev. at 6, 82 P.3d at 934.
[21] 1861 Nev. Laws, ch. 1, § 1, at 1.
[22] Aftercare, 120 Nev. at 6 n. 24, 82 P.3d at 934 n. 24.
[23] 1861 Nev. Laws, ch. 103, § 155, at 339.
[24] The provision is not located in Title XVI, which is captioned "Of Proceedings in Civil Cases in Justice Courts." Id. at 394.
[25] Id. § 181, at 344.
[26] Id. §§ 182-83, at 344.
[27] C & K Engineering v. Amber Steel Co., Inc., 23 Cal.3d 1, 151 Cal.Rptr. 323, 587 P.2d 1136, 1139-41 (1978).
[28] 1861 Nev. Laws, ch. 103, §§ 511-12, at 401.
[29] Harvey v. Dist. Ct., 117 Nev. 754, 763, 32 P.3d 1263, 1269 (2001).
[30] Report of the Debates, supra note 7, at 17 (statement of delegate J. Neely Johnson).
[31] Cal. Const. art. I, § 3 (1849) (replaced 1879).
[32] Crouchman v. Superior Court, 45 Cal.3d 1167, 248 Cal.Rptr. 626, 755 P.2d 1075, 1079 (1988).
[33] Id. at 1080-81.
[34] Id. at 1078.
[35] Aftercare, 120 Nev. at 6 n. 24, 82 P.3d at 934 n. 24.
[36] Crouchman, 248 Cal.Rptr. 626, 755 P.2d at 1078.
[37] Hearing on A.J.R. 36 Before Assembly Judiciary Comm., 58th Leg. (Nev., February 16, 1977).
[38] 1978 General Election Sample Ballot, Argument for Passage of Ballot Question No. 2, at 6.
[39] The real party in interest did not argue below, and therefore I do not address, whether the $5,000 limit on small claims actions is equivalent to fifty pounds or twenty dollars in 1864.
[1] Nev. Const. art. 1, § 3.
[2] Id.
[3] See JCRCP 88-100.
[4] NRS 73.010.
[5] Aftercare of Clark County v. Justice Court, 120 Nev. 1, 8, 82 P.3d 931, 935 (2004).
[6] Id. at 6, 82 P.3d at 933.
[7] See Capital Traction Company v. Hof, 174 U.S. 1, 17, 22, 25, 19 S.Ct. 580, 43 L.Ed. 873 (1899) (listing state statutes that authorized a jury trial at some stage of a small claims proceeding).
[8] Aftercare, 120 Nev. at 6-7, 82 P.3d at 934.
[9] Id. at 4, 82 P.3d at 932.
[10] Id. at 5, 82 P.3d at 933.
[11] Margreth Barrett, The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims, 39 Hastings L.J. 125, 145-50 (1987) (discussing the historical right to a jury in American colonies and territories during the seventeenth, eighteenth, and nineteenth centuries and describing how the colonies and territories did not allow small monetary claims to be tried by a jury). The very title of this article, which the concurrence cites as support for her position, describes a history of the jury trial right that is vastly dissimilar from Nevada's.
[12] U.S. Const. amend. XIV, § 1; Nev. Const. art. 4, § 21.
[13] It appears that no court that has concluded that jury trials are not required in small claims actions has been confronted with the discrepancy between plaintiffs and defendants that now exists in Nevada. A majority of courts have concluded that denying jury trials to small claims defendants violates the constitutional right to a jury trial or to due process unless there is some mechanism for obtaining a jury trial in another tribunal. E.g., Windholz v. Willis, 1 Kan.App.2d 683, 573 P.2d 1100 (1977); Ela v. Pelletier, 495 A.2d 1225 (Me.1985); Flour City Fuel & Transfer Co. v. Young, 150 Minn. 452, 185 N.W. 934 (1921); North Central Services, Inc. v. Hafdahl, 191 Mont. 440, 625 P.2d 56 (1981); Kneeland v. Matz, 388 N.W.2d 890 (S.D.1986); State Ex Rel. McCool v. Small Claims Court, 12 Wash.App. 799, 532 P.2d 1191 (1975).
[1] 120 Nev. 1, 8, 82 P.3d 931, 935 (2004).